ELIZABETH TULLER v. REUBEN L. GINSBURG, SOLOMON GINSBURG, AND BERNARD GINSBURG.

*Practice in circuit court—Discretion of judge—Pleading—Amendment—Name of party.*

1. The trial judge is vested with a large discretion in the conduct of the trial of causes, which should not be interfered with unless

there is an abuse of such discretion, accompanied by a palpable injury to the complaining party.

2. It is not error for the court to permit an amendment on the trial in the Christian name of one of the defendants, who has appeared by counsel, and pleaded in the name stated in the summons and declaration, and whose true name is shown by the testimony, which fails to show that he or his counsel is surprised or will be in any way inconvenienced by the amendment.

Error to Wayne. (Hosmer, J.) Argued January 31, 1894. Decided February 20, 1894.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Sloman & Duffie,* for appellants.

*Henry Walbridge* (*Charles Flowers,* of counsel), for plaintiff.

HOOKER, J. The defendants appeal from a verdict and judgment of $275, rendered in an action of *assumpsit* for rent of premises in Detroit. The case was commenced against Reuben L. Ginsburg, Solomon Ginsburg, and Bernard Ginsburg, who were declared against as copartners doing business under the name of R. L. Ginsburg & Sons. Bernard Ginsburg only was served with process. A plea of the general issue was filed in behalf of all of the defendants. Upon the trial the father of Bernard and Solomon was sworn, and testified that at the time of the leasing of the premises the firm was composed of his wife, Rachel L. Ginsburg, and his two sons, Bernard and Solomon. Upon cross-examination he testified that his name was Samuel Ginsburg; that there was no such person as Reuben L. Ginsburg; that, while the directory showed that Reuben L. lived at 111 Columbia street east, it was the residence of the witness; that he had always carried on business as R. L. Ginsburg & Sons, and he did not know why he did not have his name put in the directory as

Samuel Ginsburg; that before his sons went into partnership with him he signed everything as R. L. Ginsburg & Sons. He further stated that R. L. Ginsburg was Rachel L. Ginsburg, his wife. Thereupon the following colloquy ensued:

"*Mr. Sloman:* Was there any such firm in existence as Reuben L. Ginsburg, Solomon and Bernard Ginsburg?

"*A.* No, sir; not to my knowledge.

"*The Court:* May I ask, with reference to that, whom you appeared for when you appeared for Reuben L. Ginsburg?

"*Mr. Sloman:* I appeared for all the defendants.

"*The Court:* I know, but the defendant's name is Reuben L. Ginsburg.

"*Mr. Sloman:* What does your honor wish to know.

"*The Court:* Whom you appeared for; who the party is with reference to that.

"*Mr. Sloman:* I appeared for the defendants. We appear for the defendants in the case.

"*The Court:* But there is one defendant named as Reuben L. Ginsburg.

"*Mr. Sloman:* Reuben L. Ginsburg. They sue three parties as comprising the firm of R. Ginsburg & Sons. Now, I take it that it is incumbent upon them to show a partnership such as they sue.

"*The Court:* That may be so, but I think it is incumbent upon you to know for whom you appeared when you appeared for Reuben L. Ginsburg.

"*Mr. Sloman:* I except to the statement of the court. I appeared for the defendants in this case, as I have a right to.

"*The Court:* Who are the defendants in this case?

"*Mr. Sloman:* The defendants are Reuben L. Ginsburg and Solomon and Bernard Ginsburg.

"*The Court:* There is no Reuben L. Ginsburg.

"*Mr. Sloman:* That is what the witness says."

After an adjournment the following occurred:

" *The Court* (addressing Mr. Flowers): If you desire to amend your declaration by substituting the name of Samuel Ginsburg, I think I would permit you to do it.

" *Mr. Moore:* May it please your honor, Mr. Sloman was called out of the city upon a telegram on very important business, and he wished me to come here to present the

requests to charge, and look after the case as well as I
might with what little knowledge he could give me of it;
and it seems to me that the proposition that is made here
at this stage of the case, to bring a party into this case,
and bring him before the jury, and have a judgment or a
verdict rendered against him when there has been no pro-
cess against him, and no appearance for him, I do not see
how it can be done.

" *The Court :* I do not undertake to say at the present
time that he is before the court, but there are two parties
before the court unquestionably. You have appeared for
Reuben L. Ginsburg ?

" *Mr. Moore :* Yes.

" *The Court :* The evidence affirmatively shows that there
is no such person as Reuben L. Ginsburg; that there is no
such person in existence, so far as known to the Gins-
burgs in this case, as Reuben L. Ginsburg. Now, as I said
yesterday, I do not understand how you did that inno-
cently, but you can see the effect to the other side of the
case.

" *Mr. Moore :* As to the matter of innocence in the case,
of course that is something I know nothing about. I ex-
cept to the court's remark.

" *The Court:* The defendants put in their appearance,
and you have appeared for a person in that way. You
have appeared for a person who does not exist. Now,
under those circumstances, with reference to the matter,
I think the counsel may properly, even at this stage of
the case, ask for an amendment.

" *The Court:* I do not think, in this case, that I could
have Rachel L. substituted, under the testimony in the
case, for Reuben L., because there is no evidence that
would justify the doing of that; but, if the parties desire
either to strike out the name of Reuben L. at this time,
and proceed as against the two copartners, or if, on the
contrary, they desire to proceed against Samuel, Bernard,
and Solomon as partners under the name of R. L. Gins-
burg & Sons, I think I shall permit the amendment.

" *Mr. Moore:* Then, may it please your honor, doesn't
it follow that it was our duty to tell them how to allege
this partnership? Now, I don't understand that it was,
and we have got to suffer. It must be that we are entitled
to costs so far, anyway. They have brought us into court
in the wrong way. We are not to blame for that. They
should have found out what the fact was. At any rate,

they should prove their declaration. I submit that the first thing they must do in this case is to prove the partnership which they declare upon in the declaration. They say here, Reuben L. Ginsburg, Bernard Ginsburg, and Solomon Ginsburg, doing business under the firm name of R. L. Ginsburg & Sons, and they have not proved it; and still we are to suffer the damages of this lawsuit, and all the incidental damage from it, because they did not bring their suit right. Surely, they are to blame. They say they looked in the directory. I submit, if they cannot put a better excuse than that before this court, they have no standing here for a moment. Hearsay evidence—that does not bind Mr. Ginsburg. And, if this judgment is rendered, it will be a judgment against partnership property, and that will be a judgment against Mr. Ginsburg, interested in that partnership property.

"*The Court:* If the counsel desire to amend by substituting the word 'Samuel' instead of 'Reuben L.,' I think that it is the duty of the court to permit the amendment to be made.

"*Mr. Walbridge:* We ask that that amendment be made, your honor.

"*The Court* (addressing Mr. Moore): I do not think I can see how the parties, bringing up a paper, and laying it down before your legal firm, and telling them to enter an appearance for the defendants,—I can see very readily how you entered an appearance for Reuben L. Ginsburg, even if there is no such person; that I understand perfectly; but at the same time I do not think, with reference to that, that any prejudice can arise. I do not think from the testimony that has been offered in the case that the words 'Reuben L. Ginsburg' were intended or could describe any other person, except Samuel. Whether such amendment will or will not bring Samuel Ginsburg before the court in his personal capacity as a member of the alleged firm is not necessary to be considered at this stage of the proceedings.

"To which several statements defendants then and there duly excepted."

Here was a plain case of misnomer at the most. Samuel Ginsburg, if that was his name, appeared by counsel, answering to the name of Reuben, and the pleadings contained no hint that he was wrongly named. There is no evidence

that he or his counsel was surprised or in any way inconvenienced by the amendment when the fact appeared upon the trial that the true name was Samuel. Indeed, counsel failed to state that he did not know of the misnomer from the first. The power of the court to permit an amendment in the name of a party who is before the court by counsel, where the effect is not to change the party, is so well settled that we do not feel called upon to discuss it. Nor should the circuit judge be denied the right of criticising counsel's conduct in appearing for and pleading in the name of Reuben, when he offers no excuse for so doing, and does not disavow the intention to obtain an undue advantage by a sort of sharp practice more common than commendable. And though we might not be satisfied of intentional departure by counsel from the strict rules of propriety, we recognize the fact that in the trial judge is a large discretion in the conduct of the trial of causes, which should not be interfered with unless there is an abuse of such discretion, accompanied by a palpable injury to the plaintiff in error. The court appears to have been warranted in saying, while discussing the question of amendment, that from the testimony offered it was his opinion that the name Reuben L. Ginsburg was used by the plaintiff in her pleading to describe the person who testified that his name was Samuel. This disposes of the assignments of error up to and including No. 8, all of which are based upon the theory that the jury might find that Reuben L. Ginsburg, and not Samuel, was the party sued.

The next question for consideration relates to the charge. The defendant Samuel claimed that he rented the premises for three months from June 12, and paid the rent for three months; that before September 12 he notified plaintiff's agent, Mr. Walbridge, that he should vacate before December 12, to which time he would pay

the rent, and would probably go out in October. This was denied by Mr. Walbridge, who says that he made an agreement to lease for five years at $500 a year, quarterly in advance, and paid a quarter's rent, but refused afterwards to sign the lease. According to the defendant's own testimony, he remained in possession after the expiration of the three months ending September 12. If his contention is right that no notice to quit at the expiration of a term is necessary, it has no application here, for under his own statement he stated an intention to remain longer, in which plaintiff acquiesced; and, whether he did in fact make such statement or not, he continued in possession, and plaintiff suffered it without objection. Hence, under the established rule, the three months notice was requisite. It makes little difference what name the tenancy is called by so long as the court instructed the jury that if he did give the notice claimed the plaintiff's right to recover would be limited to rent up to December 12.

The only remaining question that need be noticed relates to an item of $25. Mr. Walbridge testified that the premises had been rented to Mr. Parker, and that defendant Samuel Ginsburg offered $25 if he would induce Parker to allow Ginsburg to keep them. Walbridge told him that the $25 would be Mrs. Tuller's, to which he assented. This was disputed by Ginsburg. Requests to charge were based on the theory that this was a promise to Walbridge, and, no assignment being shown, no recovery could be had. The court correctly instructed the jury that, if the promise was to Walbridge personally, it could not be recovered, while, if it was understood to be a promise that Mrs. Tuller should have it, it could be recovered, provided there was a promise to pay as Mr. Walbridge claimed.

No error appearing, the judgment will be affirmed.

The other Justices concurred.