## GUNTER *v.* EARNEST.

### Opinion delivered May 5, 1900.

1. PLEADING—AMENDMENT.—Where a replevin suit instituted in a justice's court by a husband was tried on the theory that he was suing on behalf of his wife, his affidavit was amendable on appeal to the circuit court, so as to show that the property was his wife's, and that he was suing as her agent. (Page 182.)

2. WITNESSES—HUSBAND AND WIFE.—Under Sand. & H. Dig., § 2916, allowing the husband or wife to testify for the other in regard to any business transacted by the one for the other in the capacity of agent, in a suit brought by a husband as agent of his wife, the husband may testify touching the matter of the agency, and the wife may testify in her own behalf. (Page 182.)

3. JUDGMENT—RES JUDICATA.—Where the parties to an action before a justice of the peace agreed upon a settlement, and entered the agreement on the docket, which provided for dismissal of the action, payment of costs, and disposition of the property involved, and the docket was signed by the justice, the docket entry was not a judgment, and did not bar a subsequent action to try the title and right of possession to the same property. (Page 183.)

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*Murphy & Mehaffy*, for appellant.

The amendment should not have been allowed for the purpose of enabling plaintiff, who had failed to show a cause of action, to make one a party who seemed to have such right. 34 Ark. 144; 41 Ark. 165; 17 Am. & Eng. Enc. Law, 495. Even if appellee was the agent of his wife, he could not sue in his own name. Sand. & H. Dig., § 5623; 42 Ark. 433; 15 Am. & Eng. Enc. Law, 665. The judgment in the former suit was conclusive, and the court had no jurisdiction a second time. 2 Black, Judg. § 522. Parol evidence should not be admitted as to a justice's judgment. 49 Ark. 156; 1 Black, Judg. §§ 285, 625, 260.

*E. H. Vance, Jr.*, for appellee.

The consent entry upon the justice's docket was not a final judgment. 1 Black, Judg. § 2; 1 Bouv. Dict. 760; 47 Ark. 378. The amendment was properly allowed. Sand. & H. Dig., § 5769; Ark. Code, p. 61, § 155; 25 S. W. 1111; 3 Estee, Pldg. § 4447. Appellee was authorized to sue. Sand. & H. Dig., §§ 4958, 6384.

WOOD, J.　Gip Earnest brought this suit before a justice of the peace to recover the possession of a certain cow and calf. The affidavit recites: "The plaintiff, Gip Earnest, states that the cow and calf claimed by him in this action is [here describes the cow]; that he is the owner of said cow and calf, and is entitled to the immediate possession of them," etc.　The record shows that the defendant, Gunter, filed before the justice a motion "to dismiss on the ground that the court had no jurisdiction of the subject-matter, as the cause had been adjudicated in the case of *Frank Bowen, Administrator*, v. *Nannie Earnest*." No written answer was filed in the justice's court. The case was tried by jury, judgment entered in accord with its verdict, and an appeal taken to the circuit court. In the circuit court, Gip Earnest testified that "this case was tried in the justice court as the property of my wife." The reason he

brought the suit as he did, he explains, was "because what is mine is my wife's, and what is my wife's is mine." Mrs. Nannie Earnest testified: "I am the wife of Gip Earnest. He brought this suit at my request. I authorized him to bring it." The circuit court allowed an amendment to be made to the affidavit showing that, "as agent of his wife Nancy," he claimed the cow and calf, and that he was the owner "of said cow and calf as such agent." It is urged:

First, that the court erred in permitting the amendment. The court was warranted in the conclusion that the cause was begun and prosecuted before the justice by Gip Earnest for his wife. That being true, there was no error in allowing the amendment, for it did not in any manner change the cause of action. It would have been more formal, to be sure, to have the docket entries of the proceedings in the name of Nancy Earnest instead of Gip. But there is no doubt from the proof that the cause progressed before the justice upon the theory, on behalf of the plaintiff, that the cow was the property of Nancy Earnest. The defendant himself, while claiming to own the cow, yet admitted or conceded that the cause was in fact being prosecuted by Gip Earnest for his wife Nancy. His motion to dismiss before the justice for the reason stated was tantamount to this, for how could he have pleaded that the title to the cow in controversy had been previously adjudicated in a suit between Bowen and Nancy Earnest, without recognizing that she was the proper party in the present suit? The real party in interest was revealed, and the failure to have the name of Nancy Earnest entered as the plaintiff in the justice's and circuit courts was a mere irregularity of form. The court below evidently treated the affidavit as hers, although it was signed by Gip Earnest. The body of the affidavit, as amended, disclosed that Nancy Earnest was the real party in interest, and that Gip Earnest was acting as her agent. The proof was taken, and the case progressed to judgment, upon the theory that it was her title and right to the possession that was being litigated in the name of her husband and agent. The law looks to the substance rather than the form:

Second. From this point of view neither the testimony

of Gip or Nancy Earnest was improper. Section 2916 of Sand-els & Hill's Digest allows the husband or wife to testify "for the other in regard to any business transacted by the one for the other in the capacity of agent."

Third. It is contended that "parol evidence was not admissible to contradict the record of the justice of the peace," and that "the court erred in refusing to instruct the jury, at request of defendant, that the judgment of C. A. Gunter, J. P., introduced in evidence, was valid and binding upon the parties until reversed by appeal or otherwise."

C. A. Gunter testified: "I am a justice of the peace of Saline county. Two suits were brought in my court by W. T. Bowen, as administrator of Seth Bowen; one against Gip Earnest and the other against his wife, Nannie Earnest, for cow and calf and bed. The parties to the suit against Nannie Earnest and their attorneys had a consultation, and the attorneys said they had agreed upon a settlement without jury trial, and wanted me to make a record of same on my docket. The attorney for Mrs. Earnest dictated and the attorney for the administrator wrote it upon my docket, and at their request I signed it as justice of the peace." Witness then read from his docket entry, showing the beginning of replevin suit, the issuing of the necessary writs, the day set for trial, etc., and then read the following from his docket:

"W. Frank Bowen v. Nannie Earnest. On this day, March 31, 1897, comes the plaintiff, W. F. Bowen, administrator, and comes the defendant, Nannie Earnest, being the return day of the writ, and asked to have this suit dismissed, the plaintiff, W. F. Bowen, administrator, paying all the costs; and it is agreed by the parties, and ordered by the court, that the defendant, Nannie Earnest, take and retain possession of the bed, and that the plaintiff, W. F. Bowen, take possession of said cow and calf on the day of the administrator's sale, the said Nancy Earnest delivering the same at the place of sale on the day of sale; and John Bowen agrees to pay Nancy Earnest four dollars out of his part of the estate on the day of sale, as a part payment on the cow and calf, if Nancy Earnest or Gip Earnest buys the same, the defendant waiving all damages. C. A. Gunter, Justice of the Peace."

Gip Earnest testified concerning the suits brought by the administrator against himself and wife,. *inter alia*, as follows: "The administrator was to have the cow and .calf in controversy, and Nannie Earnest was to have the feather bed. Nannie Earnest was to keep the cow and calf until the day of the administration sale, and on that day deliver them, so they might be sold with the other personal property of the estate. There was also an agreement that, if my wife bid in the cow and calf at the sale, John Bowen on the day of sale was to pay five dollars of the purchase money out of his pocket, and the balance was to be taken out of my wife's part of the estate. My wife. was to be charged in her part of the estate for balance of the purchase money of the cow. My attorney told me that was the agreement the plaintiff had consented to, and I told him I would agree to it; but I never did agree nor did I authorize my attorney to compromise the case according to the terms of the docket entry. My wife bought the cow and calf at the sale for $11.75. John Bowen was present, as he had agreed to be, at the sale, and did not pay the five dollars, and I refused to pay any part of the purchase money or to give note for the same. * * * My wife had kept the bed, and we had delivered the cow and calf at the sale. I left the cow and calf in the hands of the administrator, and he advertised them again for sale. At this second sale I appeared and forbade the sale, claiming them as my wife's property, but the administrator sold them to the defendant, C. A. Gunter, who bought them for nine dollars, and he took possession of them, and I instituted this suit against him as the agent of my wife." There was evidence tending to show that Seth Bowen gave the cow in controversy to his daughter, Nancy Earnest.

Mr. Black defines a judgment as "the determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in such court, affirming that upon the matters submitted for its decision a legal duty or liability does or does not exist." 1 Black, Judg. § 1, p. 2. See also Bouvier's Law Dict., "Judgment."

The docket entry of C. A. Gunter, *supra*, does not come within this definition. There is nothing in it of the authorita-

tive character of a judgment determining the rights of parties to the controversy, and capable of enforcement by the court on whose docket it was entered. It was nothing more nor less than a dismissal of the suit at plaintiff's cost, by the consent of both parties; a compromise settlement of the differences upon certain terms and conditions, which were entered upon the record, and which, Mrs. Earnest contends, were never complied with. Neither of the parties to the above settlement nor their privies could plead this docket entry as *res judicata* in a suit afterwards brought to try the title and right of possession to the same property.

We find no error, therefore, in the ruling admitting the evidence and refusing the instruction. We deem it unnecessary to discuss other instructions. The objection urged here to them relates to matters already discussed, and it follows that there was no reversible error.

Affirmed.

BATTLE, J., dissents.