COLEMAN *v*. FLOYD.

Opinion delivered October 28, 1912.

1.  WILLS—PROBATE—APPEAL.—On appeal from an order of the probate court, where appellants were made parties in the circuit court,

*held;* on appeal from a judgment of the circuit court admitting the will to probate, that appellees could question the authority of the circuit court to make appellants parties without prosecuting a cross appeal. (Page 303.)

2. SAME—PROBATE—QUESTIONS REVIEWABLE.—On appeal to the Supreme Court from a judgment of the circuit court admitting a will to probate on appeal from an order of the probate court to the same effect, a question whether certain persons were properly made parties to the appeal in the circuit court is reviewable. (Page 305.)

3. SAME—PROBATE—APPEAL—SUBSTITUTION OF PARTIES—Under Acts 1909, p. 957, which provides who may appeal from a judgment of the probate court, *held,* that where it appears on such an appeal to the circuit court that the sole plaintiff has no right to appeal, other parties having independent rights can not be substituted as appellants. (Page 305.)

Appeal from Carroll Circuit Court, Western District; *J. S. Maples,* Judge; affirmed.

*Charles D. James,* for appellants.

*Festus O. Butt,* for appellees.

1. The cause should have been dismissed *ab initio* by the circuit court for want of jurisdiction. Regardless of the truth of the facts upon which Lula Coleman based her appeal, her appeal was irregular, the same not having been taken within six months from the rendition of the final order or judgment of the probate court, as required by the statute. Acts 1909, p. 957. The filing of the bond required by the act is jurisdictional, and without it the probate court had no jurisdiction to grant the appeal. 93 Ark. 263; 137 S. W. 804. The affidavit and prayer for appeal is personal to the appellant, and can not be made by the attorney. See Act; 5 Ark. 32; 21 Ark. 93; 27 Ark. 599; 42 Ark. 183; 65 Ark. 419.

2. If it be conceded that Lula Coleman's appeal was regular. and that the circuit court had jurisdiction over it, it lost that jurisdiction when it dismissed her appeal before making the other appellants parties.

*Charles D. James,* for appellants in reply.

In the judgment wherein the court finds against Lula M. Coleman, it especially provides that "dismissing the appeal of Lula M. Coleman herein shall not in any way prejudice

the rights of Walcott H. Darrow *et al.*, on their motion to be made parties thereto." No objection was made nor exception saved to this order. Appellees can not now be heard to object. 59 Ark. 215; 61 Ark. 515; 62 Ark. 543; 70 Ark. 197.

No motion having been filed in the circuit court to dismiss the appeal from the probate court because no bond was filed by Mrs. Coleman and because she did not take her appeal within six months, etc., such objections were waived by appellees, and will not be considered on appeal. 77 Ark. 103; 71 Ark. 242; *Id.* 436; *Id.* 555; 55 Ark. 217; *Id.* 174; 50 Ark. 102; 46 Ark. 103; 75 Ark. 312; 74 Ark. 557; *Id.* 88.

FRAUENTHAL, J. This is an appeal from a judgment admitting to probate the last will and testament of Emeline D. Triggs. The proponent of the will is R. G. Floyd, administrator of her estate with the will annexed, representing the legatees therein; and the present contestants and appellants are her collateral heirs. The purported will was executed on February 1, 1908, and the testator died in May, 1909. On July 26, 1909, the probate court made an order admitting said will to probate in common form, without notice to interested persons, and without their being made parties in that court.

On July 26, 1910, one Lula M. Coleman, claiming to be an heir by adoption of the said Emeline D. Triggs, appealed to the circuit court from said judgment of the probate court admitting said will to probate. The appeal was taken by the attorney of said Lula M. Coleman, who was then a nonresident of the State, making an affidavit in form prescribed by law for such appeal. The appeal was then filed and docketed in the circuit court. On the 8th day of February, 1911, the present appellants filed in the circuit court a motion asking that they be made parties to said appeal, and therein stated that they were the collateral heirs of said Emeline D. Triggs, and alleged that the purported will was not her last will and testament. On June 26, 1911, said appellants filed an amended motion to be made parties to the appeal, in which they stated that they contested the probate of the will upon the grounds (1) that the instrument offered for probate did not constitute a will, and (2) that it was not regularly and legally probated, (3) that it was not properly and legally attested and published

by the testator as her will, and (4) because it had been obtained by fraud and undue influence, and the testator was of unsound mind at the time of its execution.

Thereupon the appellees filed a demurrer to, and a motion to strike from the files, said motion of appellants to be made parties, upon the ground that the circuit court was without authority to make the appellants parties to said appeal. Without then passing upon said motion, the court proceeded to hear the appeal of said Lula M. Coleman, and found that she was not legally adopted by the deceased, Emeline D. Triggs, and that she was therefore not a party in interest, and had no cause or right to appeal from said judgment of the probate court. The court thereupon entered a judgment dismissing the appeal of said Lula M. Coleman, and in said judgment it is further recited that the dismissal of her appeal should not in any way prejudice the rights of the present appellants on their motion to be made parties thereto. No appeal was taken from the judgment finding that said Lula M. Coleman was not a party in interest, that she had no right to appeal from the judgment of the probate court admitting said will to probate, and ordering a dismissal of her appeal.

Thereupon the court overruled the demurrer and motion of appellees attacking the right of appellants to be made parties to the appeal from the probate court, and entered an order making them parties to that appeal. To this action of the court the appellees duly objected and properly saved their exceptions.

The cause then proceeded to trial upon the grounds of the contest made by appellants, and resulted in a verdict finding that the purported will was the last will and testament of said Emeline D. Triggs; and the circuit court then rendered judgment admitting said will to probate. From that judgment those persons who had been made parties to the appeal in the circuit court have alone appealed.

It is contended by counsel for appellees that the circuit court was without authority to make appellants parties to the appeal taken by Lula M. Coleman from the judgment of the probate court, and erred in so doing; and for this reason they urge that the judgment should be affirmed. If this contention is correct, then it would not be necessary to note

the various assignments of error made by appellants for reversing the judgment of the circuit court, because, if the appellants had no right to be made parties to the appeal from the judgment of the probate court, then that judgment admitting the will to probate would be in full force and effect, for the reason that the appeal therefrom taken by Lula M. Coleman, the only proper party thereto, was dismissed, and that judgment of dismissal has not been appealed from. The question as to whether or not appellants could be made new parties to the appeal which had been taken by Lula M. Coleman from the judgment of the probate court was, we think, sufficiently raised by appellees in the circuit court. That question was passed upon by the circuit court when it overruled appellees' demurrer to the motion of appellants to be made parties, and exception was then properly preserved to that adverse ruling. Nor are the appellees precluded from having this question passed upon in this appeal because they did not pray a cross appeal to this court from the judgment of the circuit court admitting the will to probate. The judgment thus rendered by the circuit court was in favor of appellees, and the effect thereof as to them was therefore the same as if appellants had been denied the right to be made parties in that court; for the result of a denial to make them parties would have left the judgment of the probate court admitting the will to probate in full force. And, if we hold that this question should not be decided upon this appeal for the reason that appellees prayed no cross appeal, and thereupon should pass upon the errors assigned by appellants for a reversal of the judgment, and should sustain the same, we would still deem it necessary to pass upon this question in any opinion which we might render. If we should then determine that this contention of appellees is correct, and for the errors assigned by appellants should reverse the judgment, the appellees could, upon the case being remanded to the circuit court, still insist that said court should sustain their objection to making appellants parties to the appeal taken by said Lula M. Coleman from the said judgment of the probate court, and their objection should then be sustained. We are therefore of the opinion that the question as to whether or not appellants were entitled to be made parties to the action

appealing from the probate court judgment is properly before us for determination upon the present appeal.

It is urged by counsel for appellees that the appellants were not entitled to be made parties in the circuit court to the appeal taken from the judgment of the probate court because, (1) the appeal by Lula M. Coleman from said judgment was not taken within six months after the rendition thereof, and (2) because the appeal of Lula M. Coleman was dismissed before the appellants were actually made parties thereto.

The first ground is based upon the provisions of the act of 1909, which prescribe that any heir, devisee, legatee or judgment-creditor who feels aggrieved by the judgment of the probate court must prosecute an appeal therefrom by filing an affidavit and prayer for appeal, together with a bond for the costs, within six months from the rendition thereof. (Acts 1909, p. 957). In the view which we have taken of the matter, however, we do not deem it necessary to determine whether an heir is a party, by virtue of his interest, to a judgment of a probate court admitting a will to probate, although not expressly so made by order of that court, and therefore, as such party, has one year in which to take an appeal therefrom under the provisions of said act of 1909. (See *Ouachita Baptist College* v. *Scott*, 64 Ark. 349).

The appeal from the judgment of the probate court admitting said will to probate was taken by Lula M. Coleman alone. When that appeal was lodged in the circuit court, she' was the sole party to the action then pending in that court upon said appeal. It was as if she had brought a cause of action in said circuit court as the sole plaintiff. While that cause of action on said appeal was pending in the circuit court, a motion was made to make appellants new parties thereto, and in effect to amend the proceeding by adding new parties (Kirby's Digest, § 6145). ' It was determined by the circuit court that Lula M. Coleman was not a party in interest in the matter or proceeding—in effect, that she had no cause of action or right to appeal from the judgment of the probate court. The appellants, with different and independent rights, sought to amend the proceeding by displacing Lula M. Coleman and substituting themselves and their

own cause of action. This could not be done. If Lula M. Coleman, the sole party to the appeal, and in effect the sole plaintiff, had no cause of action, then no amendment of the cause of action could be made by substituting other parties who did have a cause of action.

In the case of *State* v. *Rottaken*, 34 Ark. 144, it was held that where a plaintiff in his complaint shows that he has no such interest as entitles him to invoke the jurisdiction of the court, an amendment can not be made by making other persons plaintiffs who have a cause of action.

In the case of *Railway Company* v. *State*, 56 Ark. 166, the court in passing upon a similar question said: "The demurrer to the complaint was properly sustained, as it showed that plaintiff was not, and that the State was, the party entitled to prosecute the action. Leave to amend by striking out the sole plaintiff and substituting another could not have been granted. The right of amendment is broad, but it does not warrant the substitution of a stranger for the sole plaintiff in the cause." See, also, *Schiele* v. *Dillard*, 94 Ark. 277; *Greer* v. *Vaughan*, 96 Ark. 524; 1 Enc. Pl. & Pr. 545; 3 Estee's Pleading, § 4487; 31 Cyc. 475.

The appellants and Lula M. Coleman had no interest in common in the appeal which had been taken from the judgment of the probate court. The alleged right and claim of Lula M. Coleman was different from and independent of any right or claim which appellants may have or may make. According to the judgment of the circuit court, she had no right of appeal or cause of action upon an appeal, and her appeal and action was properly dismissed. The proceeding then could not be amended by thus striking out Lula M. Coleman, in effect the sole plaintiff, who had no right in the matter and no cause of action, and by substituting appellants who might have. If these appellants have rights entitling them to appeal from the judgment of the probate court, or any cause of action entitling then to invoke the jurisdiction of the court for its enforcement, it was their duty to institute proceedings to that end themselves.

It follows that the appellants were not proper parties to the proceeding in the circuit court, and that their motion to be made parties thereto should have been denied.

The judgment is accordingly affirmed.