FENCING DISTRICT No. 6 OF WOODRUFF COUNTY *v.*
MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered November 25, 1929.

*W. J. Dungan,* for appellant.

*Thomas B. Pryor* and *Daggett & Daggett,* for appellee.

MEHAFFY, J. The appellant brought suit in the Woodruff Chancery Court against the St. Louis, Iron Mountain & Southern Railway Company, seeking to enforce a lien on property for delinquent fencing district taxes. The complaint named the St. Louis, Iron Mountain & Southern Railway Company as defendant, and the summons was issued against the St. Louis, Iron Mountain & Southern Railway Company, and the sheriff's return on the summons recited that he had served the summons by delivering a copy to the agent of the St. Louis, Iron Mountain & Southern Railway Company at McCrory, Arkansas.

When court met, the plaintiff, appellant here, asked permission to amend its complaint, stating that there was a misnomer of the party defendant, and that the defendant should be designated as the Missouri Pacific Railroad Company instead of the St. Louis, Iron Mountain & Southern Railway Company, and stated that the property described in the complaint is the property of the Missouri Pacific Railroad Company.

The amendment further stated that the Missouri Pacific Railroad Company was formerly the St. Louis, Iron Mountain & Southern Railway Company, and that the service of summons was actually upon the agent of the Missouri Pacific Railroad Company, and that the designation in the pleadings and summons was merely a misnomer. Thereupon the Missouri Pacific Railroad Company filed a motion to quash the service and dismiss the complaint.

The decree of the chancellor recites that it denies the plaintiff the right to file the amendment and sustains the motion to quash; that the court finds that the complaint was filed and summons issued and service had on Chappis, as agent of the St. Louis, Iron Mountain & Southern Railway Company, on the 13th day of March,

1929; that thereafter, on the 19th day of March, 1929, the Missouri Pacific Railroad Company filed suit against Fencing District No. 6 of Woodruff County, in the United States District Court for the Eastern Division of the Eastern District of Arkansas, at Helena, and that the said United States District Court thereby acquired jurisdiction, and sustained the motion to quash and dismiss.

An appeal was prosecuted by the fencing district, and it now insists upon reversal, and quotes from *Burk* v. *Snell*, 42 Ark. 57, as follows: "The primary object of the Code is the trial of causes upon their merits, and that the rights of suitors shall not be sacrificed to technical mistakes, omissions or inaccuracies. To this end the provisions for amendments are exceedingly broad and liberal." The appellant cites from other authorities with reference to the law permitting amendments.

The Code is very liberal, but it is the well-established rule that courts will not allow amendments to be made which change the parties to the action, unless there is something in the record to authorize the amendment. *Lake* v. *Morse*, 11 Ill. 587; *Biggs* v. *Wilman*, 82 Ala. 391, 2 Sou. 877; *Tuller* v. *Ginsberg*, 99 Mich. 137, 57 N. W. 1099; *Herman* v. *Bailey*, 45 N. Y. Sup. 88; *Railway Co.* v. *Small*, 70 Ala. 499; *Smith* v. *Central Plank Road Co.*, 30 Ala. 650.

"Under a statutory provision permitting the adding or correction of the name of a party, an entire change in parties plaintiff or defendant cannot be permitted. A statute permitting amendments as to form will not permit an amendment making new parties plaintiff in order to sustain an action that was originally brought without authority." 31 Cyc. 475.

"It was determined by the circuit court that Lula M. Coleman was not a party in interest in the matter or proceeding—in effect that she had no cause of action or right to appeal from the judgment of the probate court. The appellants, with different and independent rights, sought to amend the proceeding by displacing Lula M.

Coleman and substituting themselves and their own cause of action. This could not be done. If Lula M. Coleman, the sole party to the appeal, and in effect the sole plaintiff, had no cause of action, then no amendment of the cause of action could be made by substituting other parties who did have a cause of action. * * * The demurrer to the complaint was properly sustained, as it showed that plaintiff was not, and that the State was, the party entitled to prosecute the action. Leave to amend by striking out the sole plaintiff and substituting another could not have been granted. The right of amendment is broad, but it does not warrant the substitution of a stranger for the sole plaintiff in the cause." *Coleman v. Floyd,* 105 Ark. 300, 150 S. W. 703.

This court again said in construing the Code: "This provision of the Code assumes that the plaintiff has a cause of action, and does not authorize the court in any case, where the plaintiff has failed to show any cause of action, to amend by adding the name of a party in whose favor a cause of action is shown by the complaint to exist, because such a proceeding would be practically instituting a new action and forcing a party, at the instance of one who has no right to demand it, to commence an action when he does not wish to do so. Broad and liberal as the provisions of the statute of amendments are, we see no authority in them for such a proceeding." *State use Oliver* v. *Rottaken,* 34 Ark. 144.

In the instant case there was nothing to amend. There was no proper party defendant, and, liberal as the court is, it does not permit amendment by entire change of parties. You cannot sue one party and amend by making another party defendant—that is, by striking out the name of the sole defendant and substituting some other defendant. The Missouri Pacific Railroad Company and the St. Louis, Iron Mountain & Southern Railway Company are separate corporations, and in a suit against one of them the pleadings cannot be amended so as to substitute the other.

492

The lower court was correct, and the decree is affirmed.