HERRON *v.* SPANN.

4-4150

Opinion delivered February 10, 1936.

*Sam M. Levine,* for appellant.
*E. W. Brockman,* for appellee.

HUMPHREYS, J. This suit in replevin was instituted by Dr. C. E. Spann against appellant in the circuit court of Jefferson County to recover certain personal property covered by a mortgage executed by appellant to secure an alleged indebtedness due him, which was evidenced by a note. A copy of the mortgage and note were not attached as exhibits to the complaint. Dr. C. E. Spann executed the affidavit and filed a bond; whereupon, a summons and order of delivery of the property was issued and served. No cross-bond was made by appellant to retain the property, and same was delivered to Dr. C. E. Spann by the sheriff. Appellant in apt time filed an answer and counterclaim against Dr. C. E. Spann. After the trial of the case began, Dr. C. E. Spann filed a reply to the counterclaim. In the course of the trial it developed that the note made the basis of the suit was executed to Mrs. C. E. Spann for a debt due her, and that the mortgage was executed to Dr. C. E. Spann as trustee to secure the debt. Up to that time the case had proceeded as a controversy between Dr. C. E. Spann and appellant. When this discovery was made, counsel for appellant filed a motion to dismiss the complaint because she was not indebted to Dr. C. E. Spann. The court sustained the motion, dismissed the complaint, and discharged the jury. Subsequently, and during the same term of court, upon the showing that Dr. C. E. Spann was acting as agent and trustee for his wife, the court set the judgment dismissing the original complaint aside, granted him a new trial, and allowed him to amend his complaint by substituting himself as agent or trustee for his wife as party plaintiff, and, upon a hearing of the cause, rendered a replevin judgment in favor of appellee as agent or trustee of Mrs. C. E. Spann, from which is this appeal.

The only question, therefore, involved on this appeal is whether the court erred in permitting appellee to proceed in his name as agent or trustee for his wife in the replevin suit. The undisputed evidence is that Mrs. C. E. Spann is and was the real party in interest. Amending the complaint to show this fact did not change the nature of the action. No new issue was interposed

by allowing the case to proceed in the name of Dr. C. E. Spann as agent or trustee for his wife, so it was proper to allow the amendment and treat the affidavit as amended to conform to the proof and to proceed with the case. This court approved a like procedure in the case of *Gunter* v. *Earnest,* 68 Ark. 180, 56 S. W. 876. The court said in that case (quoting syllabus 1) : ''Where a replevin suit instituted in a justice's court by a husband was tried on the theory that he was suing on behalf of his wife, his affidavit was amendable on appeal to the circuit court, so as to show that the property was his wife's, and that he was suing as her agent.''

The principle applied to the facts in that case controls in the case at bar, as the facts in the two cases are not materially different.

No error appearing, the judgment is affirmed.