WINTERS *v.* CRUM.

4-4622

Opinion delivered April 26, 1937.

*Galbraith Gould*, for appellant.

*Young, Elms & Macom*, for appellee.

HUMPHREYS, J. This is an appeal from a judgment dismissing appellant's complaint against appellee which he filed in the circuit court of Arkansas county, Northern District, to recover $2,795.25 evidenced by a promissory note executed and delivered by appellee on February 28, 1930, to the Merchants' & Planters' Bank of Humphrey and by it assigned to the First National Bank of St. Louis as collateral to secure an indebtedness the Merchants' & Planters' Bank of Humphrey owed said First National Bank. It was alleged in the complaint that appellant was the purchaser of the note for a valuable consideration before maturity and was the owner thereof.

Appellee filed an answer to the complaint interposing a number of defenses, one of them being a denial that appellant was the owner of the note.

Thereafter the deposition of appellant was taken in which he testified that the First National Bank of St. Louis sold this and other notes it held as collateral to secure the indebtedness Merchants' & Planters' Bank owed it, and that at the sale he (appellant), at the request and instance of the First National Bank of St. Louis, bid $4,000 for all the collateral notes, and that the First National Bank entered a credit on its books for $4,000 on account and note of the Merchants' & Planters' Bank of Humphrey; that he attended the sale and purchased the notes for the First National Bank of St. Louis and that said bank, and not he, became the absolute owner of the note. When the deposition of appellant was filed, appellee filed a motion to dismiss the action and complaint

on the ground that appellant was not the owner of the note sued upon and was not the real party in interest, and was without authority to prosecute the suit.

Upon a hearing, the motion was sustained and the cause of action and complaint was dismissed, over the general objection and exception of appellant.

A motion for a new trial was filed on the ground that the dismissal of the action and complaint was contrary to the law and evidence, which was overruled, whereupon, an appeal was prayed and granted to this court.

Appellant contends for a reversal of the judgment because the trial court erred in not treating his complaint as amended so as to insert after his name, trustee or nominee of the First National Bank who was the party in interest instead of dismissing the action and complaint. No such request was made by appellant to the trial court, nor did appellant suggest that the court should, in the exercise of a sound discretion, treat the complaint as amended instead of dismissing it.

The only issue presented to the court was whether appellant owned the note and was the proper party to bring the suit, and, finding that he was not, it was the court's duty to dismiss the action. The court was not called upon on its own initiative to find that the First National Bank of St. Louis was the owner of the note and that appellant would be authorized as trustee to bring the suit for it, and that through mistake or inadvertence he had brought the suit as an individual instead of in his representative capacity.

It would have been time for the court to exercise its discretion when such a request was made. Not having been requested to exercise its discretion and not having exercised its discretion, certainly the judgment cannot be reversed on the ground that the trial court abused its discretion in not amending or treating the complaint as amended to conform to the proof.

Affirmed.