FLOYD PLANT FOOD CO. *v.* MOORE.

4-5288                                                122 S. W. 2d 463

Opinion delivered December 5, 1938.

260

*A. R. Cooper, Viola Castleberry Stewart,* for appellant.

*Isaac McClellan* and *W. H. McClellan,* for appellee.

BAKER, J. The Floyd Plant Food Company was a corporation organized under the laws of Illinois, was engaged in the manufacture and sale of fertilizer and in the course of its business R. L. Moore, the appellee, became indebted to it for which he executed two notes, one in the sum of $176.85 and the other for $1,516.30. The smaller one of these notes was already barred at the time the first suit was filed and does not enter into the controversy. The larger note was dated April 16, 1930, and it matured on November 1, 1930. It was indorsed with the credit of $160.67. This indorsement, however, was a correction made in the settlement and not a payment made after the maturity date.

The complaint was filed in the name of the Floyd Plant Food Company on October 29, 1935, three or four days before the date upon which the note would have been barred by the statute of limitations of five years.

On August 17, 1936, a little more than nine months after the filing of the original complaint, the Federal Chemical Company filed what it designated as an amendment to the original complaint of the Floyd Plant Food

Company, alleging that it came into the possession of the notes sued on by the first plaintiff by an outright purchase and that the said Federal Chemical Company is now the owner and holder of the promissory note executed by the defendant, and it prayed that it be made a party plaintiff and have judgment against the defendant. To this pleading defendant Moore filed a demurrer, a motion to dismiss and pleaded the statute of limitations. As a response to the defendant's motion to dismiss the Federal Chemical Company pleaded further that in 1934 the Floyd Plant Food Company was dissolved and the Federal Chemical Company took over all its assets, including all cash, accounts and notes, of which the notes sued on were a part. Later an additional amendment was filed and upon the filing of this amendment proof was taken by deposition of Mr. W. Q. Harned, treasurer of the Federal Chemical Company. Mr. Harned, in response to a question asked in the taking of his deposition, in describing the nature of the transaction whereby the Federal Chemical Company became the owner and possessor of the notes, said: "The notes are now owned by the Federal Chemical Company, due to the fact that in 1934 the Floyd Plant Food Company, which was owned by the Federal Chemical Company, was dissolved, and the Federal Chemical Company took over all of its assets, including all cash, accounts and notes, of which these two notes were a part."

The trial court, upon hearing the issues involved in this case, held that the amendment to the complaint, wherein Federal Chemical Company asked that it be made a party plaintiff, was an effort to substitute one plaintiff for another and that such substitution did not become effective and that inasmuch as the two corporations are not identical, the filing of the suit by the one that had no cause of action did not serve to toll the statute of limitations in favor of the one that owned the note and had the right to sue and collect the same, and that the action filed by the Federal Chemical Company was barred by the statute of limitations. The resulting judgment was for defendant.

There is but one matter to be determined upon this appeal; was the action sued upon by the Federal Chemical Company barred by the statute of limitations?

If the Floyd Plant Food Company had such an interest in this note, the subject of the litigation, that entitled it to file and maintain a suit for the use and benefit of the Federal Chemical Company, then certainly the filing of its complaint would serve to toll the statute of limitations and any pleadings filed thereafter by way of amendment to the original complaint and which were not in effect a substitution of parties plaintiff would relate back to the date of the institution of the original action; but, on the other hand, if the Floyd Plant Food Company did not in fact have a cause of action at the time it instituted this suit, which it had the right to prosecute, then the Federal Chemical Company was possessed of this cause of action and it alone had the right to prosecute the same, then certainly the amendment filed to the pleadings amounted only to an effort to substitute the actual party in interest for one who had no cause of action, and such substitution cannot be permitted.

Upon the presentation of these numerous pleadings mentioned and the deposition taken on behalf of the appellant, counsel for appellant presented an array of requests for findings of fact and for declarations of law to be made thereon. The court declined to make these findings of fact or the declarations of law as requested, but held that plaintiff's cause of action was barred by the statute and "all of the facts and the law in favor of the defendant." The rule recognized so long as to be almost proverbial is that we shall consider whatever facts there are in this record in the light most favorable to sustain the judgment rendered. Proceeding upon this theory we take the pleadings first as evidencing the appellant's theory. A material part of such matters has already been stated. It remains to give effect to what the pleader himself has alleged.

The first allegation that we notice is to the effect that "the Federal Chemical Company came in possession of the note sued on from its co-plaintiff, the Floyd Plant Food Company, by outright purchase. Said Federal

Chemical Company is now the owner and holder of said note." This was the first pleading filed by the Federal Chemical Company on August 17, 1936, more than five years after the maturity date of the notes sued on, which were barred at that time unless the statute had been tolled by the institution of the prior suit by the Floyd Plant Company. If we take this pleading for what it says, then there were two corporations, the Federal Chemical Company and the Floyd Plant Food Company, and the Floyd Plant Food Company had disposed of all the interest it had in said note two years prior to that date by a sale or "outright purchase," by its co-plaintiff. By that purchase, Federal Chemical Company "came into possession of the notes two years before the Floyd Company sued on them." If that allegation is true then there are two corporations. They were not the same because they dealt with each other, one sold the notes and the other purchased them. When the Floyd Plant Food Company disposed of these notes it had no kind of interest remaining in them. The pleading could not have any other meaning.

Again this plaintiff pleads that "in 1934 Floyd Plant Food Company, which was a corporation owned by Federal Chemical Company, was dissolved and the Federal Chemical Co. took over all its assets, including cash, accounts and notes, of which these two notes were a part." Now certainly the Federal Chemical Company may not be heard to insist that the Floyd Plant Food Company and the Federal Chemical Company were identical when one was dissolved and the other continued to exist. The one that dissolved had no property left. All its assets went into the hands of the other corporation, the Federal Chemical Company, which, according to the pleadings, was a Kentucky corporation, as distinguished from the Floyd Plant Food Company, an Illinois Corporation, but counsel for appellant adroitly argue that under the Illinois statute a corporation even after such act or resolution as may have operated to dissolve it had a period of two years thereafter within which its business affairs might be closed and the estate of the corporation be fully administered. Such is the law in this state, the difference

being that in this state there is a period of three years. Pope's Digest, § 2203. We are conversant with such legislation, but fail to see how it may be pertinent here.

Under the pleadings of the Federal Chemical Company the reason for the continued existence of this Illinois corporation did not exist. It had undergone dissolution. It had disposed of all its assets of every kind and these were taken over by the Federal Chemical Company. It had no assets to dispose of, no estate to administer. There was no reason for its continued existence, and under the pleadings, could properly be held not to have been in existence at the time the suit was instituted in its name. The appellant argues, however, that the pleadings and proof show that the Federal Chemical Company owned a majority of the stock of the Illinois corporation and that it may be regarded as the owner of that corporation. Let it be so regarded. The idea or concept that one possessed or owned the other necessarily implies that there were two separate entities, one the owner and the other owned. They were not identical because one was dissolved, the other continued to function.

With this state of the record before us the effect of the court's declaration that they were not identical is fully supported by evidence of a substantial nature. Numerous cases have been cited and few of them may be said to have any application to any of the questions presented upon this appeal, and to take up all these authorities and make any analysis of them would prolong this discussion without merit in so doing. A typical illustration among authorities cited is the case of *Evans* v. *List*, 193 Ark. 13, 97 S. W. 2d 73. In that case a suit was filed against George W. List, trading as List Laundry. This suit was brought within the three year statute of limitations. It was discovered shortly afterward, but after the three-year statute had run, that the corporate name of the laundry company was American Excelsior Laundry Company. The pleading was amended to show the proper name of the laundry company and it was held, and we think very properly so, that the institution of the suit

against List Laundry, by which it was commonly known, was the institution of a suit and served to toll the statute.

It is a matter of extreme doubt that the St. Louis S. W. R. Co. could maintain a suit in the name of the Cotton Belt Railroad Company, though the two names designate only one person. It would not be a matter of mistake if it filed a suit under such name or style, because it must recognize its own corporate existence and corporate name. There is a difference in being made a defendant under one or two or more names by which a person or corporation might be known and in suing and attempting to maintain litigation under such an appellation which it, itself, knew was not correct.

We think it must follow as a natural result and conclusion of the arguments advanced to the effect that a suit by one corporation may be taken over by another which was a holder of some or all the capital stock of the first corporation and by substitution be made the beneficiary of litigation as well as the sole and only plaintiff in the old suit filed by the corporation that did not at the time exist is too far-fetched to be sound.

We suggest, without further discussion, a proposition as being conclusive of the controversy here presented. If this case had gone to trial in the name of the Floyd Plant Food Company prior to the date that the notes were barred by the statute of limitations and the defendant had offered and proved just what the Federal Chemical Company now alleges, that is that the Floyd Plant Food Company did not own the note, had no interest therein and that it had been taken over two years before by the Federal Chemical Company, which is now the owner and in possession of the note, the court necessarily would have dismissed plaintiff's suit, and not to have done so would have been in effect to permit two recoveries, one for a corporation out of existence and later a recovery for the Federal Chemical Company at such time as it might have sued prior to the bar of the statute.

It can serve no real purpose to argue such cases as *Foster Holcomb Inv. Co.* v. *Little Rock Publishing Co.*, 151 Ark. 449, 236 S. W. 597. In that case there was an attempt to sue the Arkansas Democrat. Of course an

amendment permitted a suit to be maintained against Little Rock Publishing Company, the owner of the Arkansas Democrat and the corporation under and by which the Democrat was published. The Arkansas Democrat, however, and the publishing company sued was a single entity, one artificial person though known under two names.

Certainly no such conditions prevail here and there is not the least particle of similarity; and vigorous declarations supported by an array of adjectives cannot supply proof of identity of the two different corporations, the names of which appear in this case as parties plaintiff. The first did not exist at the time the suit was instituted and the second did exist and was not even operating under the same name. The one that had been dissolved was an Illinois corporation and the other that continued in existence was a Kentucky corporation, so the effect and legal consequences of the attempted act to name a new corporation as a party plaintiff, after this action had been barred, was an effort to substitute one plaintiff for another that did not exist. That could not be done, and it was so announced in *Fencing Dist. No. 6* v. *Missouri Pac. R. R. Co.*, 180 Ark. 488, 21 S. W. 2d 959. There it was said a statute permitting amendments as to form will not permit an amendment making new parties plaintiff in order to sustain an action that was originally brought without authority. It is also said that "leave to amend by striking out the sole plaintiff and substituting another could not have been granted. The right of amendment is broad; but it does not warrant the substitution of a stranger for the sole plaintiff in the cause. *Coleman* v. *Floyd*, 105 Ark. 300, 150 S. W. 703."

To substantially the same effect, our court has decided numerous cases. *State* v. *Rottaken*, 34 Ark. 144; *Winters* v. *Crum*, 193 Ark. 1068, 105 S. W. 2d 77; *Davis* v. *Chrisp*, 159 Ark. 335, 252 S. W. 606.

In the last two cited cases a very similar proposition to the one presented here arose. In one the plaintiff who brought the suit alleged himself to be the real owner of the instrument sued on. When the deposition of the plaintiff, however, revealed that the true owner was an-

other, the defendant filed a motion to dismiss on the ground that the plaintiff was not the owner and had no authority to institute the action. The motion was sustained and upheld by this court on appeal.

In a much older case, *Schiele* v. *Dillard*, 94 Ark. 277, 126 S. W. 835, an effort was made to substitute new plaintiffs for old. The court refused to permit this to be done, saying that such action would be tantamount to a new suit between entirely different parties.

So in this case, if the attempted substitution of the new plaintiff, the only one who could maintain the suit, has any effect it was in the nature of a new action began at the time of the filing of the amendment which was after the statute bar had attached.

A further discussion cannot be of any benefit. The judgment is affirmed.