## TRUITT *v.* BAKER.

4-5298                                                      122 S. W. 2d 467

Opinion delivered December 12, 1938.

*W. F. Reeves,* for appellant.

*S. W. Woods,* for appellee.

BAKER, J. On September 2, 1933, a suit was filed in the justice of peace court of St. Joe township, Searcy

county, Arkansas, against R. F. Truitt. He was sued upon a note dated June 24, 1933, due ninety days after date, in the sum of $109, payable to Hulda Baker, the appellee. At the time this suit was instituted F. F. Baker, son of Hulda Baker, took the note to a justice of the peace for the institution of the suit. A writ of attachment issued and was served by seizing or attaching household goods belonging to the defendant, Truitt. Truitt executed a delivery bond which was signed by W. P. Campbell and W. D. Smith as sureties. After the bond was made, the property was released and moved out of the state. Before the case was tried defendant appeared and by motion asked a dismissal of the action for the reason that the case had been docketed in the justice of the peace court in the name of F. F. Baker against Truitt, instead of the real plaintiff, Hulda Baker, who was the owner of the note and for the reason that the affidavit for the attachment did not appear to be sworn to, that is, a signed jurat was not attached thereto. The bond was executed by F. F. Baker, as the sole maker, or surety, in which he obligated himself to pay all costs that might accrue in the case and pay all damages done the defendant in the cause of action. F. F. Baker stated under oath that his mother was due the $109 for rent and that the said Hulda Baker authorized him to act as agent.

It appeared upon the trial that F. F. Baker had no interest in the case and this is a ground relied upon by appellants for dismissal and numerous authorities are cited as showing that the judgment rendered in favor of Hulda Baker was after the substitution of Hulda Baker as the new plaintiff, in whose favor judgment was announced.

We have given due consideration to all the authorities cited. In fact we have just considered within the last few days practically the sole question involved here, that is the substitution of one plaintiff for another. *Floyd Plant Food Company* v. *Moore, ante,* p. 259, 122 S. W. 2d 463.

The difference in this case and the one just mentioned is the fact that in this matter now under consideration there has not been really a substitution of one party

for another as plaintiff. We have already called attention to the fact that this suit was one begun in the justice of the peace court. Statutes do not require that any pleadings should be filed for the institution of such an action. We presume the note was filed. The record seems to indicate that fact. If it were, this served as a pleading and showed upon its face that Hulda Baker was the true plaintiff. The bond made for the attachment showing that F. F. Baker was acting as agent and this was notice that the real party in interest was Hulda Baker. When analyzed, the only fault found with the judgment rendered in this case is that the proceedings do not follow an approved pattern. There is no objection that exact justice was not done. It would be surprising, indeed, if we were not able to find any authorities to fit this case. We call attention to one: *Gunter* v. *Earnest,* 68 Ark. 180, 56 S. W. 876. That was a replevin suit instituted in a justice court by a husband and it was tried on the theory that he was suing on behalf of his wife. The court held there that the affidavit was amendable upon appeal, the one in which the husband had sworn that the property was his own, to show that the property belonged to his wife and that he was acting as her agent. So in this case if this suit were instituted, as in fact it was, on behalf of Hulda Baker, that matter could be made to appear by an amendment, although it had been erroneously docketed by the justice of the peace. Pope's Digest, § 1463.

The other questions in this case become practically unimportant upon a decision that Hulda Baker was the real party in interest and that the suit was not improperly brought or maintained. Section 579 of Pope's Digest provides that "if the plaintiff shall recover against the defendant, and the attachment shall have been discharged upon the execution of a bond, as provided by § 562, then the court shall render judgment against the defendant and his sureties in said bond for the amount recovered and the cost of the suit."

So we hold that the objections made are almost purely technical without substantial merit.

Judgment is affirmed.