HUDGENS *v.* OLMSTEAD MFG. CO., INC.

5-1179                                                300 S. W. 2d 26

Opinion delivered March 4, 1957.

*H. B. Stubblefield,* for appellant.

*Frank J. Wills,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellees to enjoin the appellants from violating a contract by which the principal appellant, C. C. Hudgens, agreed that for a period of three years he would not engage directly or indirectly in any business competitive with that of the appellees in that part of Pulaski county lying west of Hayes Street as extended southward to the county line. This appeal is from a decree in favor of the plaintiffs.

On March 29, 1954, Hudgens was the principal stockholder in two corporations. One of these corporations, Rosedale Building & Supply Company, Inc., was actively conducting a building materials business at 8108 Asher Avenue, which is west of Hayes Street. The other corporation, Asher Avenue Building Supplies, Inc., had an office east of Hayes Street but was not doing an active business.

On the date mentioned the Rosedale corporation and Hudgens individually executed a contract by which the assets of the "building supply business" at 8108 Asher Avenue were sold to the appellee, Olmstead Manufacturing Company, Inc. This contract defines the Rosedale area as that part of Pulaski County described above and further provides: "A part of the consideration for said sale is that neither the Seller nor C. C. Hudgens, individually, shall engage directly or indirectly in the Rosedale Area for a period of three years from April 1, 1954, in any business competitive with that to be conducted by the Buyer . . . , it being contemplated that the business to be conducted by the Buyer . . . shall be similar to that heretofore conducted by the Seller." The plaintiffs were permitted in the court below to show that during the negotiations for the sale Hudgens represented that the Rosedale corporation was engaged in the sale of building materials and in the con-

struction of houses. Whether the latter activity is forbidden by the contract is the basic dispute in the case.

At the time of the sale Hudgens owned more than a hundred vacant lots in the Rosedale area. Within a few months after the sale Hudgens reactivated his other corporation and began constructing and selling homes on these lots, the materials being furnished by the corporation. At the trial Hudgens readily admitted that he was still building houses in the prohibited area and intended to continue to do so.

The chancellor correctly enjoined this course of business on Hudgens's part. We do not agree with the appellants' contention that the parol evidence rule was violated by the proof that the selling corporation had, before the sale, been building houses and in that way selling building materials. The contract refers to a building supply business, which is not an exact term, and provides that it is contemplated that the buyer's business will be similar to that previously conducted by the seller. This general language is open to more than one interpretation and therefore may be clarified by oral evidence. "The testimony merely makes certain that which the face of the contract leaves uncertain as to what the intention of the contracting parties was." *Montgomery* v. *Ark. Cold Storage & Ice Co.*, 93 Ark. 191, 124 S. W. 768. It is immaterial that Hudgens carried on his operations in the prohibited area from a headquarters outside that area, as there is still a violation of the contract. Corbin on Contracts, § 1386; *Johnson* v. *Stumbo,* 277 Ky. 301, 126 S. W. 2d 165; *Foxworth-Galbraith Lbr. Co.* v. *Turner,* 121 Tex. 177, 46 S. W. 2d 663, 87 A. L. R. 323; *Valley Mortuary* v. *Fairbanks,* 119 Utah 204, 225 P. 2d 739. The appellants also contend that the injunctive decree is too broad in scope, but we think it conforms to the contract and affords no greater relief than the appellees are entitled to.

When the suit was brought the plaintiffs filed a notice of *lis pendens* describing 147 lots assertedly owned by Hudgens in the Rosedale area. By cross-complaint Hudgens charged that this notice was unneces-

sary and had damaged him in the sum that would be required to show these proceedings in each abstract of title to the lots in question. In his proof to support the cross-complaint Hudgens established the cost of showing the proceedings in an abstract, but he did not show that a separate abstract would be required when he sold each lot or, in fact, that any abstract at all would be necessary. In the absence of agreement there is no duty on the part of the seller to furnish an abstract of title. Thompson, Abstracts and Titles (2d Ed.), § 12; Jones, Arkansas Titles, § 1235; and see *Bolton* v. *Branch*, 22 Ark. 435. Upon the record it cannot be said that Hudgens proved the amount of his damages, if any, with a fair degree of certainty.

In one respect the decree must be modified. Before the suit was filed Hudgens sold the business of the reactivated corporation, Asher Avenue Building Supplies, Inc., to third persons. In connection with that sale the purchasers organized a new corporation, which took the identical name of the old Asher Avenue company, and Hudgens changed the latter's name to Lake Hamilton Corporation. By their complaint the plaintiffs sued Asher Avenue Building Supplies, Inc., which is the new concern, but did not join Lake Hamilton Corporation as a defendant. Upon proof that Hudgens has no interest in the new corporation the chancellor dismissed the complaint as to it but granted injunctive relief against Lake Hamilton Corporation.

In this particular the decree is erroneous. This is not a case in which the plaintiffs merely made an error in the corporate name of the real defendant, as was true in *Foster-Holcomb Inv. Co.* v. *Little Rock Pub. Co.*, 151 Ark. 449, 236 S. W. 597, and *Evans* v. *List*, 193 Ark. 13, 97 S. W. 2d 73. Here there were two distinct corporations, as the plaintiffs presumably could have learned from the records of the Secretary of State, and the plaintiffs sued the wrong one. Lake Hamilton Corporation is not a party to the suit and did not enter its appearance in the court below. In these circumstances the complaint against the Asher Avenue company cannot be treated as one against Lake Hamilton Corporation.

*Fencing Dist. No. 6 of Woodruff County* v. *Mo. Pac. R. Co.,* 180 Ark. 488, 21 S. W. 2d 959.

The decree is set aside insofar as it purports to enjoin Lake Hamilton Corporation; in other respects it is affirmed.