PAT TITSWORTH ET AL *v.* HON. MELVIN E. MAYFIELD, JUDGE

5-4112                                    409 S. W. 2d 500

Opinion delivered December 12, 1966
[Rehearing denied January 16, 1967.]

*Clifton Bond,* for appellant.

*Brown, Compton & Prewett,* for appellee.

GUY AMSLER, Justice. A local option election was held in Calhoun County, Arkansas, on November 3, 1964, and the certified vote showed 1,118 for and 1,128 against the manufacture and sale of intoxicating liquors.

A petition contesting results of the election was filed in the County Court of Calhoun County on November 17, 1964, by Jack Ethridge, et al (contestants). A response to the contest petition was filed on November 27, 1964, by Pat Titsworth, et al (contestees below and petitioners in this court). An amendment to petition for contest was filed on November 27, 1964, and response to the amendment was filed on December 11, 1964.

On August 6, 1965, following a hearing, the County Court entered its order declaring the results of the election to be in accord with the above figures on votes cast.

On February 2, 1966, the contestants, by their attorney, filed a "Notice of Appeal," "Designation of Record," and "Bond for Costs," as provided by Ark. Stat. Ann. § 27-2106.1 (Repl. 1962), for appeals from the Circuit, Chancery and Probate Courts to the Supreme Court of Arkansas.

The contestants did not file a prayer for appeal to the Circuit Court of Calhoun County from the order of the County Court as required by Ark. Stat. Ann. § 27-2001 (Supp. 1965). Nor did they file an affidavit stating that the appeal was being taken because the appellants verily believed that they were aggrieved, and not taken for vexation or delay, but that justice might be done them. No order of the County Court of Calhoun County or of the Circuit Clerk of Calhoun County as required by law was entered within six months of the entry of the order appealed from granting the contestants an appeal to the Circuit Court.

On March 30, 1966, the contestees, Pat Titsworth, et al, filed their motion to "dismiss appeal" in the County Court; on April 6, 1966, the contestants, Jack Ethridge, et al, filed their response to motion to "dismiss appeal," and on the same date the County Court entered its order providing, "That Contestants substantially complied with appeal procedure, that in order, for a determination to be made of all issues in this cause by a court of record and of competent jurisdiction the record in this cause should be transferred to the Circuit Court of Calhoun County, Arkansas." The Court directed the County Clerk to transfer the entire record in the cause, including the motion to dismiss the appeal and the response thereto, to the Circuit Court, and to obtain the receipt of the Circuit Clerk for said proceedings.

On April 8, 1966, the contestees, Pat Titsworth, et al, (petitioners here) filed their motion to dismiss appeal in the Circuit Court objecting to the jurisdiction of the Circuit Court "to hear and determine said

election contest appeal.'' On May 6, 1966, the contestants filed their response to the motion to dismiss appeal in the Circuit Court, and a hearing on the motion was held in the Circuit Court on July 8, 1966. On July 12, 1966, affidavit and prayer for appeal from the County Court order of August 6, 1965, was filed in the Circuit Court, pursuant to an order of that court. On July 14, 1966, the Circuit Court entered its order overruling the motion to dismiss appeal and this petition for writ of prohibition followed.

Petitioners here contend that the respondent, trial court, is without jurisdiction and should be prohibited from hearing the appeal from the County Court because contestants (below) failed to perfect an appeal from the County Court order within the time and in the manner required by Ark. Stat. Ann. § 27-2001, *supra*.

Contestants do not contend that the requirements of the statute governing appeals from the County Court were complied with. They say however that there was ''substantial compliance'' and further maintain that their transgressions and tardiness should be forgiven because the disability of their attorney (not their counsel now) produced an unavoidable casualty for which they should not be held responsible.

The case presents a legal rather than a factual question hence we are in a position to dispose of the litigation through prohibition. *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S. W. 2d 358; *Murry* v. *Maner,* 230 Ark. 132, 320 S. W. 2d 940 (1959).

Even if it be conceded that contestants' attorney was incapacitated they would still be confronted with an insurmountable jurisdictional barrier. Bearing in mind that no affidavit for appeal was ever filed in the ''County Court,'' where the contest originated and that an order of the County Court attempting to grant an appeal was not entered until April 6, 1966 (some

sixty days beyond the six months allowed by statute for appeals from the County Court), we need only review a few of our prior decisions to determine the result of this controversy.

In the early case of *Speed* v. *Fry*, 95 Ark. 148, 128 S. W. 854, this court dealt with a statute regulating appeals from the probate court which required an order granting the appeal. Justice Hart authored the opinion and wrote:

> "The record shows that J. C. Speed filed an affidavit and prayer for appeal in the usual form to the circuit court, but it does not show that the probate court made an order granting the appeal. This was necessary in order to give the circuit court jurisdiction....
>
> "This court has held that the appellee may waive the want of an affidavit for appeal in the circuit court by failing to move to dismiss.... The reason is that the affidavit and prayer for appeal is a regulation for the sole benefit of the appellee. But the order of the probate court granting the appeal is a prerequisite to the right of the circuit court to exercise jurisdiction, and for that reason can not be waived."

Justice Wood in *Tuggle* v. *Tribble*, 173 Ark. 392, 292 S. W. 1020, dealt with the law on appeals from the County Court with this language:

> "Under the above statute, and our decisions, it is essential to the jurisdiction of the circuit court that an appeal be granted by the county court or by the clerk of the circuit court, and it is error for the county court to make an order granting the appeal until the party aggrieved shall have filed with the clerk of the county court an affidavit as prescribed in the statute. The statute contemplates that the affidavit and prayer for ap-

peal shall be filed in advance of any order made by the court or the clerk, as the case may be, in order that the court or the clerk, before ordering the appeal, may have an opportunity to ascertain whether or not the affidavit complies with the statute. The filing of an affidavit under the statute above is not jurisdictional, because it may be waived in the circuit court, and is waived, where the party against whom the appeal is sought does not, in the circuit court *in limine*, move to dismiss the appeal before taking any substantive or affirmative steps in the cause.'' See also *Mississippi County* v. *Moore,* 126 Ark. 211, 190 S. W. 110 (1916); *Woollard* v. *Circuit Court of Crittenden County,* 222 Ark. 287, 258 S. W. 2d 886 (1953).

Vesting of jurisdiction in the Circuit Court in this cause would necessitate our overruling a long line of decisions which we decline to do. The Circuit Court is without jurisdiction and the petition for writ of prohibition is granted.