Virgil DAUGHHETEE*v.* Ruby SHIPLEY,
Nancy JONES, Brenda CARROLL, Jo SHIPLEY,
Allen SHIPLEY and Steve SHIPLEY

84-50                                                      669 S.W.2d 886

Supreme Court of Arkanssa
Opinion delivered June 4, 1984

*David Throesch,* for appellant.

*Burris & Berry,* for appellees.

P. A. HOLLINGSWORTH, Justice. This case presents two questions on appeal; one on the issue of standing and one on the method of ascertaining damages to a vehicle after a collision.

One of the appellees, Allen Shipley, was driving a truck owned by his father, Ray Shipley, when he hit a cow belonging to the appellant, Virgil Daughhetee. Subsequent to the accident, but prior to the instigation of this lawsuit,

Ray Shipley died of unrelated causes. His heirs, the appellees, brought suit against the appellant for $1,666.00, the estimated cost of repairing the vehicle. The appellant filed a motion to dismiss the lawsuit contending that the appellees, as heirs at law of Ray Shipley, had no standing to bring this suit on his behalf. Instead, the appellant argued that the decedent's estate should have brought the action. The appellant also filed an amended answer, reserving his grounds for dismissal, and alleging contributory negligence on the part of Allen Shipley which, he claimed, was imputed to Ray Shipley. The appellant filed a counterclaim seeking $300 as the value of the cow. The trial judge denied the motion to dismiss; dismissed the appellant's counterclaim; and found in favor of the appellees for $1,666.00. It is from that decision that this appeal is brought. This appeal comes to us under Sup. Ct. Rule 29(1)(o) as it presents a question in the law of torts.

The appellant's first argument is that the appellees had no standing to bring this lawsuit. The appellees in their brief candidly admit that "the more ritualistic procedure" would be to appoint a personal representative for the decedent and have that representative sue on behalf of the estate. The appellees argue, however, that if it was error for the heirs to bring the suit, it was harmless error and did not affect the verdict of the court.

The appellant maintains that it was not harmless error. In support of this allegation, he argues that the purpose behind the statute requiring the estate of a decedent to bring suits on his behalf, Ark. Stat. Ann. § 27-901 (Repl. 1979), is to allow creditors of the estate access to any assets gained by such an action. The statute authorizing *heirs* to maintain suit on behalf of a decedent is Ark. Stat. Ann. § 27-907 (Supp. 1983). It applies only to wrongful death situations. Section 27-907 allows the heirs to sue for wrongful death because the loss is personal to them. This same rationale is why the estate of a deceased must sue for "wrongs done to the person or property" because the loss was personal to the decedent and not to his heirs.

We agree. Ray Shipley's heirs had no standing to bring

this lawsuit. It is not harmless error when the wrong parties are allowed to institute a legal action. The fact that they prevailed makes obvious the prejudice suffered by the appellant. Although the evidence presented at trial would no doubt be the same had the estate brought the action, one key element is missing: none of the appellees were injured by any action of the appellant since none of them owned the truck which hit the appellant's cow. It is a fundamental principle that the:

> courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct, and to give relief at the instance of such persons; a court may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed, as where he seeks to invoke a remedy in behalf of another who seeks no redress.

59 Am. Jur. 2d *Parties* § 26 (1971). Furthermore, it is a general rule that "[I]f an injury is done to personal property, the right of action is in the then owner alone, and not in any subsequent purchaser or successor in the title." *Id.* § 29. Therefore, we reverse as to this point for lack of standing of the appellees. Because the issue is likely to arise on retrial, we will address the appellant's second argument.

The appellant's second point concerns the damages to the vehicle which were the basis for the award to the appellees. The award in this case was based on estimates obtained by the appellees as to the cost of repairing the vehicle. The appellant maintains that the trial court erred by not granting his motion for directed verdict at the close of the appellees' case. The motion was based on the failure of the appellees to prove accurately the damages and the lack of testimony on the condition of the truck before the accident ocurred. Furthermore, the appellant maintains that there was no evidence that the estimates were reasonable or that the repairs were necessitated by the collision. We agree.

Damages were established at trial by the testimony of two witnesses, both of whom are mechanics. The first

mechanic testified that he made an estimate of $1,701.51 to repair the pickup truck. On cross-examination, the mechanic was unable to identify the year model of the truck, the number of miles registered on the odometer, the truck's condition before the wreck or the market value of the vehicle. When asked if it was possible that the truck might not bring as much as the amount quoted to fix it, he replied, "It's possible, yes, sir." The second mechanic testified that the truck was damaged in the front and that repairs would cost $1,708.00. On cross-examination, he testified that he did not know the value of the vehicle before the wreck, how many miles it had on it, or its pre-accident condition. Both estimate sheets, which were introduced into evidence, described front end damage to the truck consistent with hitting an object. None of the appellees testified, however, about the condition the truck was in before the accident, which presumably they would have known.

It has long been the rule in Arkansas that the measure of damages for damage to personal property is the differernce in the fair market value of the property immediately before and immediately after the occurrence. AMI Civil 2d, 226. The reasonable cost of repairs may be considered in determining this difference. *Id.* In *Golenternek* v. *Kurth,* 213 Ark. 643, 212 S.W.2d 14 (1948), we held that, "In the absence of other competent proof of market value, we have held that the difference in market value before and after the collision may be established by a showing of the amount paid in good faith for the repairs necessitated by the collision." Similarly, in *Beggs* v. *Stalnaker,* 237 Ark. 281, 372 S.W.2d 600 (1963) we held that where the jury was presented with the best evidence available, there, competent appraisals of the market value of the car before and after the collision, and the car owner's testimony of what she had paid so far in repairs, then the jury was allowed to consider the cost of those repairs in assessing property damages.

The measure of damages quoted above, the difference in market value before and after the accident, is also required under Ark. Stat. Ann. § 75-919.1 (Repl. 1979). No mention is made in the statute about considering the cost of repairs. In *Kansas City Southern Ind.* v. *Stewman,* 266 Ark. 544, 587

S.W.2d 12 (1979), we held that where estimated cost of repairs was introduced, testimony about the value of the automobile several years prior to the accident and one year after the accident was insufficient under § 75-919.1 since there was no evidence of the car's value immediately before and after the accident.

Here, there was no testimony on the value of the vehicle, merely two estimates by two mechanics on the cost of repairs. There was also no direct testimony about what damage was done to the truck. There was merely the allegation that the truck hit a cow and sustained front end damage for which two estimates were supplied for various kinds of front end work. Whether the amount in the estimate was reasonable, whether the repairs were necessitated by the collision, *Golenternek, supra,* and whether this was the best evidence available of the damage, *Beggs, supra,* is not clearly established by the record. We are of the view that the court erred in awarding damages in the amount of $1,750.00 and reverse.

Reversed.