FIRST COMMERCIAL BANK, N.A., LIT-
TLE ROCK, ARKANSAS, Administra-
tor of the Estate of Kelvin Thompson,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

FIRSTSOUTH, F.A., Administrator of
the Estate of John Thomas Curb, II,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

FIRST NATIONAL BANK OF CAMDEN,
ARKANSAS, Special Administrator of
the Estate of Artis Stevens, Deceased,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Nos. 87–1122 to 87–1124.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Jan. 9, 1990.

Winslow Drummond, Little Rock, Ark., for plaintiffs.

Ralph H. Johnson and James G. Touhey, U.S. Dept. of Justice, Washington, D.C., and Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, Senior District Judge.

Before the Court in each of the above styled cases are identical motions for partial summary judgment filed by the United States of America (the government). Plaintiffs, who are each represented by the same counsel, have filed identical responses to the motions, and the government has filed reply briefs in each case.

These cases arise out of a fire which occurred on August 8, 1985, at the Tracor/MBA, Inc., plant in East Camden, Arkansas. Tracor was manufacturing munitions pursuant to a contract with the United States Department of Defense at the time of the fire. Tracor has intervened in each of these lawsuits.

Kelvin Thompson (No. 87–1122) was killed instantly when the fire and subsequent explosion occurred. John Thomas Curb (No. 87–1123) and Artis Stevens (No. 87–1124) sustained severe injuries and died some time later. All three were employees of Tracor.

The administrators of each of the estates submitted claims for wrongful death to the Defense Department on August 11, 1986. The administrative claims were not finally disposed of within six months of filing, and the administrators filed the present lawsuits on October 2, 1987. The estate of Thompson seeks recovery of funeral expenses and compensatory damages for Thompson's widow, parents, and sisters. The estates of Curb and Stevens seek damages for the pain and suffering of their respective decedents, as well as recovery of funeral expenses and compensatory damages for certain named survivors of each decedent.

The basis for the government's motion for partial summary judgment is that the recoveries sought by each estate are based on two separate statutes, and that claims under only one of the statutes were presented administratively before these suits were filed. The specific statutes involved are the Arkansas wrongful death statute, Ark.Code Ann. § 16–62–102,[1] and the Arkansas survival statute, Ark.Code Ann. § 16–62–101(a).[2] The government asserts that only the claims made under the wrongful death statute were presented to the Defense Department for administrative adjudication, but that claims for damages under the survival statute were not presented and cannot be brought before this Court. Under the government's analy-

---

1. Pertinent provisions of this statute are as follows:

(a)(1) Whenever the death of a person shall be caused by a wrongful act, neglect, or default and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, then, and in every such case, the person who, or company, or corporation which would have been liable if death had not ensued shall be liable to an action for damages....

(2) The cause of action created in this subsection shall survive the death of the person wrongfully causing the death of another and may be brought, maintained, or revived against the personal representatives of the person wrongfully causing the death of another.

(b) Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal repre-

sentative, then the action shall be brought by the heirs at law of the deceased person.

\* \* \* \* \* \*

(d) The beneficiaries of the action created in this section are the surviving spouse, children, father and mother, brothers and sisters of the deceased person, persons standing in loco parentis to the deceased person, and persons to whom the deceased stood in loco parentis.

2. This statute provides:

(a) For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and the action may be brought by the person injured or, after his death, by his executor or administrator against the wrongdoer, or after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contracts.

sis, claims for funeral expenses, sought by all three estates, and claims for pain and suffering, sought by the estates of Curb and Stevens, are recoverable under the survival statute. The compensatory damages sought for the survivors in each of these cases are permitted by the wrongful death statute.

■ The government contends that claims under the wrongful death statute and the survival statute are separate and distinct causes of action. A wrongful death claim benefits designated beneficiaries and compensates them for pecuniary injuries and mental anguish caused by the decedent's death. Survival claims, on the other hand, seek compensation for injuries sustained by the decedent himself prior to death, and any recovery is for the benefit of the estate. The government argues that the Court must dismiss claims asserted under the survival statute for lack of subject matter jurisdiction because those claims were never presented for administrative review, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The government notes that on the claim forms presented by the administrators, the typewritten notation "n/a" appears in the space provided for a claimant to state the amount claimed for personal injury. The total amount claimed was entered in the space provided for the claimant to state the amount sought for wrongful death. The government further says that the forms made no mention of pain and suffering or medical expenses incurred by the decedents.

Plaintiffs respond by first asserting that the claim form used by the government is misleading in that claimants are instructed to submit information "in support of claim for personal injury *or* death. . . ." [Emphasis added.] Plaintiffs insist that the use of the disjunctive "or" would lead one to believe that a choice had to be made as to the nature of the claim. Plaintiffs also argue that while there are historical differences between survival statutes and wrongful death statutes, Arkansas has combined the two into one statute codified at Ark.Code Ann. § 16–62–102, which is entitled "Wrongful Death Actions—Survival." Plaintiffs further contend that in late 1988, the Department of Justice requested these plaintiffs to submit documentation of their claims, including funeral and medical expenses, thereby indicating that the government was aware plaintiffs were making these claims.

■ Upon review of this matter, the Court is of the opinion that the government's motions must be granted. It is quite clear that actions for survivorship and actions for wrongful death are separate and distinct in nature. While both are brought by the administrator of an estate, the role of the administrator is different in each action. In a survival action, the administrator asserts the decedent's own cause of action, and only the administrator may bring this cause of action. *Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984). The wrongful death statute, on the other hand, creates a cause of action in the survivors, and it may be brought by the administrator in their behalf, or by the heirs themselves if there is no administrator. Ark.Code Ann. § 16–62–102(b). This latter action is based upon Arkansas's version of Lord Campbell's Act, 1846, 9 & 10 Vict., c. 93., which abrogated the common law rule of *Baker v. Bolton*, 1 Camp. 493, 170 Eng.Rep. 1033 (1808), that death could not be complained of as an injury. *See Hicks v. Missouri Pacific Railroad Co.*, 181 F.Supp. 648 (W.D.Ark.1960); *Matthews v. Travelers Indemnity Insurance Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968). *See also Fisk v. United States*, 657 F.2d 167 (7th Cir.1981).

■ The Court is unpersuaded by plaintiffs' argument that the two actions have been combined in Arkansas. As indicated *supra*, the survival and wrongful death causes are stated in separate statutes. The fact that § 16–62–102 is entitled "Wrongful Death Actions—Survival" does not indicate that the survival cause of action is contained in that statute. A reading of subsection (a)(2) of the statute plainly shows that the cause of action for wrongful death survives the death of the party causing the death, and the Court has no

difficulty in concluding that the word "survival" in the title of the statute is derived from this subsection. The two causes of action are distinct and are found in separate statutes.

■ Neither does the Court find that the claim form, used by the government in cases throughout the nation, is misleading. The form permits claimants to specify a number of types of claims, and the fact that the word "or" is used should not cause confusion. Doubtless, hundreds of other claimants nation-wide have completed the form without difficulty. If claimants are unsure about how to make their claims, or if they need clarification of the form, they can ask for assistance. In fact, plaintiffs here went so far as to write "n/a," presumably meaning "not applicable," in the space asking for the amount claimed for personal injury. This would certainly lead the government to believe that such claims were not being made.

Concerning plaintiffs' assertion that the government requested documentation of claims, including claims for funeral and medical expenses and for conscious pain and suffering, the record reveals that such documentation was not provided with plaintiffs' administrative claims. The government requested this documentation in 1988, after these lawsuits were filed, in an attempt to verify the allegations made in the respective complaints. Plaintiffs did not provide the documentation until more than two years after the injuries occurred, and past the time for amending their administrative claims. The Court therefore finds that the government's request for documentation in no way indicated that the administrative claims had been properly made.

■ The Federal Tort Claims Act sets forth the procedure for the making and disposition of claims against the United States government. 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

It is well established that claims filed under the Federal Tort Claims Act must adequately notify the government of the specific claims being asserted, thereby satisfying the purpose of the Act, "which is to require the reasonably diligent presentation of tort claims against the Government." *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Manko v. United States*, 830 F.2d 831 (8th Cir.1987).

Here, plaintiffs submitted to the Department of Defense only wrongful death claims. While the Court sympathizes with the families of the decedents in the loss of their loved ones, the Court has no choice but to find that the claims for funeral and medical expenses and for the decedents' pain and suffering were not presented for administrative review and cannot be presented here. Accordingly, the Court will grant the government's motion for partial summary judgment.

## ORDER

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the government's motion for partial summary

judgment be and the same is hereby granted.

IT IS FURTHER ORDERED that portions of the complaint in No. 87–1122 seeking recovery of funeral expenses be and the same are hereby dismissed.

IT IS FURTHER ORDERED that portions of the complaints in Nos. 87–1123 and 87–1124 seeking recovery of funeral and medical expenses, and recovery for the decedents' pain and suffering be and the same are hereby dismissed.