Wylene ROSS *v.* STATE FARM MUTUAL
AUTOMOBILE
INSURANCE COMPANY

CA 92-194 848 S.W.2d 948

Court of Appeals of Arkansas
Division I
Opinion delivered February 24, 1993

*Easley, Hickey & Cline*, by: *Preston G. Hickey*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Richard N. Watts*, for appellee.

MELVIN MAYFIELD, Judge. This is an underinsured motorist case arising out of an automobile accident between Mary Rowland and the appellant, Wylene Ross. At the time of the accident, Ms. Rowland was insured under a policy of liability insurance issued by Dixie Insurance Company with liability limits of $25,000.00 per person; appellant was insured under an automobile insurance policy issued by the appellee, State Farm Mutual. Appellant's policy of insurance provided, among other things, underinsured motorist coverage (UIM) in the amount of

$25,000.00. Under the heading, "Consent to Be Bound" the policy provided, "We are not bound by any judgment against any person or organization obtained without our written consent."

As a result of the collision, appellant filed a personal injury suit against Ms. Rowland. Appellant notified appellee of the filing of the lawsuit and otherwise kept appellee current on the proceeding; however, appellee was not a party to the proceeding nor is it argued that the appellee consented to be bound by the judgment. The suit was tried before a jury which returned a verdict for the appellant and awarded her damages in the sum of $50,000.00. Appellant notified appellee of the judgment and demanded that appellee pay her $25,000.00 pursuant to the UIM coverage provided by appellant's insurance policy with appellee. The appellee refused to pay, and on October 30, 1990, appellant filed suit against appellee.

On March 21, 1991, appellant filed a motion for summary judgment in her suit against appellee. The motion alleged that appellant was entitled to judgment as a matter of law pursuant to the UIM coverage provided by the policy issued by appellee. In a letter opinion dated June 8, 1991, the trial court, relying on *MFA Mutual Insurance Co.* v. *Bradshaw*, 245 Ark. 95, 431 S.W.2d 252 (1968), denied appellant's motion. An order to that effect was filed July 15, 1991. Subsequently, in a letter dated November 26, 1991, the trial judge held that the issues of liability and damages would have to be relitigated as to the appellee insurance company because it was not a party to the tort suit between the appellant and Ms. Rowland. The suit against the appellee was then tried (in which the tort issues were relitigated) and that trial resulted in a judgment in favor of the appellee.

Appellant argues the trial court erred in denying her motion for summary judgment and says she should not be required to prove her case twice. Appellant relies on *Lowe* v. *Nationwide Insurance Co.*, 521 So.2d 1309 (Ala. 1988), and *Haas* v. *Freeman*, 236 Kan. 677, 693 P.2d 1199 (1985), and argues the better rule is that notice of the filing of a tort action and of the potential UIM claim, and an opportunity to participate in the action are sufficient to bind an UIM carrier by any judgment obtained in the tort action.

We first note that the appellee filed a motion to dismiss this

appeal on the grounds that it is an appeal from the denial of a motion for summary judgment and, therefore, is not an appealable order. In a Per Curiam opinion issued June 3, 1992, we said briefs had been filed by both parties on the merits of the case and we would consider the issue of appealability when the case was submitted in regular course. The appellee also raised an issue about the sufficiency of appellant's abstract, and we allowed appellant to file another brief with a supplemental abstract.

On the appealability issue, we do not view this matter as an appeal from the denial of a motion for summary judgment. Indeed, appellant, in the statement of the case in her supplemental abstract and brief to this court, states that the order denying her motion for summary judgment was an unappealable order and, therefore, no appeal was taken at the time it was entered. After appellant's summary judgment motion was denied, appellant proceeded to retry her case against the appellee and a judgment was filed December 20, 1991, holding that appellant should have no recovery against appellee and dismissing appellant's complaint with prejudice. On January 13, 1992, appellant filed a notice of appeal which stated that appellant was appealing from the court's order denying appellant's motion for summary judgment. It is clear, however, that the appellant is really appealing from the judgment rendered against her in the second trial and is arguing that the trial court erred in refusing to grant appellant judgment on the underinsured insurance coverage without requiring her to relitigate the tort issues of damages and liability against the appellee.

In *Bradshaw, supra* the appellees brought suit against an insurance company seeking judgments each had recovered against an uninsured motorist. The appellees' liability insurance policy provided uninsured motorist coverage and contained the following provision:

> No judgment against any person or organization alleged to be legally responsible for the bodily injury (sustained by the insured) shall be conclusive, as between the insured and the Company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured

with the written consent of the Company.

245 Ark. 97-98.

 The appellees in *Bradshaw* filed a motion for summary judgment which was granted by the trial court. The sole issue on appeal in that case was the validity of the consent clause which provided that no judgment in an action prosecuted by the insured against an uninsured motorist without the written consent of the insurer shall be conclusive as between the insured and the insurer. Our supreme court held the consent clause valid and stated that it allowed the insured "to pursue remedies against either or both the uninsured motorist and the insurer, but he cannot hold the insurer, without its consent, upon a judgment obtained in an action in which the insurer was not a party." 245 Ark. at 100. The court noted further that in many of the decisions cited in its opinion there was a holding that an insurer, having notice of or an opportunity to participate in an action against the uninsured motorist is, or may be, bound by a judgment in favor of its uninsured but that none of those decisions involved a contract containing a clause stipulating against such a binding effect. Thus, *Bradshaw* stands for the proposition that in cases involving a consent clause, the insured cannot hold the insurer liable, without its consent, upon a judgment obtained in an action in which the insurer was not a party and consequently had no control over the defense made or evidence offered.

 We think the consent clause in the insurance policy in the instant case is substantially equivalent to that contained in *Bradshaw*. Therefore, we cannot agree that the trial court erred in requiring appellant to relitigate her case against the appellee.

We are not mindful of appellant's argument that *Bradshaw* is distinguishable because that case involved uninsured motorist coverage (UM) and the defendants in that case failed to appear thus preventing litigation of the issues of liability and damages. However, the fact that *Bradshaw* involved a defaulting defendant and involved UM coverage rather than UIM coverage does not, in our judgment, make a difference in the legal principle involved.

We also note that neither the *Lowe* nor *Haas* case, *supra*, relied upon by the appellants, involved a consent clause contained within the policy of insurance.

For the reasons stated above, the judgment of the trial court is affirmed.

JENNINGS, C.J., and PITTMAN, J., agree.