Overtus BRINKER *v.* FORREST CITY
SCHOOL DISTRICT NO. 7; Virginia L. Roland;
and Southern Farm Bureau Casualty Insurance Company

00-56                                      40 S.W.3d 265

Supreme Court of Arkansas
Opinion delivered March 15, 2001

*Easley, Hicky & Hudson*, by: *B. Michael Easley* and *Preston G. Hicky*, for appellant.

*Butler, Hicky, Long & Harris*, by: *Phil Hicky*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This appeal involves underinsured-motorist (UIM) benefits. The crux of the case is whether the trial court erred in severing appellant's cause of action against Southern Farm Bureau Casualty Insurance Company (Southern Farm Bureau) without requiring that Southern Farm Bureau be bound by the fact-finder's determination of liability and damages. We hold that the trial court did err and, therefore, reverse and remand the case.

A school bus from Forrest City School District No. 7 collided with appellant Overtus Brinker, who indisputably had UIM benefits of $100,000 with Southern Farm Bureau. Appellant sustained serious personal injuries as a result of the accident. He filed suit against the school district, bus driver, and Southern Farm Bureau. Southern Farm Bureau filed a motion to dismiss based on the fact that it was unknown at that time whether appellant was underinsured; in the alternative, Southern Farm Bureau requested that it be severed from the trial against the school district. Southern Farm Bureau refused, in any case, to be bound by any jury verdict that might be rendered in appellant's case against the school district. The trial court denied Southern Farm Bureau's motion to dismiss, but severed it from the first trial.

Appellant's case against the school district went to trial; the suit against the bus driver, Virginia L. Roland, was nonsuited. The district admitted liability, and the jury awarded appellant $100,000. The district paid its limit of $25,000 and received a partial satisfaction of judgment. Appellant made demand on Southern Farm Bureau to pay the remaining $75,000 of his UIM benefits; Southern Farm Bureau refused. Appellant filed an amended complaint; Southern Farm Bureau denied liability, and appellant filed a motion for summary judgment seeking the $75,000 judgment, as well as statutory penalty and attorney's fees. The trial court denied the motion for summary judgment and ordered a second trial, wherein the jury awarded appellant $65,000.

On appeal, appellant contends that it was error for the trial court to sever Southern Farm Bureau from the original action without requiring that Southern Farm Bureau be bound by the jury verdict and that it was error to deny his motion for summary judgment. Southern Farm Bureau argues contrary to appellant and contends that appellant's appeal of the denial of his summary-judgment motion is not appealable.

Appellant asserts the following points on appeal:

1) The trial court erred in severing appellant's cause of action against Southern Farm Bureau without requiring that Southern Farm Bureau be bound by the fact-finder's determination of liability and damages;

2) The trial court erred in denying appellant's motion for summary judgment following trial of the underlying tort case.

## I. Appealability

Southern Farm Bureau contends that the denial of a motion for summary judgment is not appealable and therefore this point should be affirmed. It is true that, as a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable; however, on the issue of appealability, we do not view this matter as an appeal from the denial of a motion for summary judgment. After appellant's summary-judgment motion was denied, appellant proceeded to retry his case against the appellee insurer, and a judgment was later filed. The appellant then filed the instant appeal, asserting that he was appealing from the court's order denying his motion for summary judgment. It is clear, however, that the appellant is really appealing from the judgment rendered against him in the second trial and is arguing that the trial court erred in refusing to grant appellant judgment on the underinsured insurance coverage without requiring him to relitigate the tort issues of damages and liability against the appellee. As such, we hold that this is not an appeal from the denial of a summary judgment, but is rather a second judgment appeal.

## II. Severing of Southern Farm Bureau

As stated, appellant filed suit against the school district, bus driver, and Southern Farm Bureau. Southern Farm Bureau filed a motion to dismiss based on the fact that it was unknown at that time whether appellant was underinsured; in the alternative, Southern Farm Bureau requested that it be severed from the trial against the school district. Either way, pursuant to the consent clause contained in the insurance agreement between Southern Farm Bureau and appellant, Southern Farm Bureau refused to be bound by any jury verdict that might be rendered in appellant's case against the school district. The trial court denied Southern Farm Bureau's motion to dismiss, but severed it from trial, refusing however to bind Southern Farm Bureau to any judgment appellant might obtain at trial from the school district.

The insurance policy appellant held with Southern Farm Bureau contained the following language:

> We will pay under this coverage *only after* the limits of liability under any applicable bodily injury, liability, bonds or policies have been exhausted by payment of judgments or settlements. . . .

*. . . We will not be joined as a party Defendant with the underinsured motorist.* We shall not be bound by any settlement a covered person makes with or judgment a covered person obtains against an under-insured motorist *unless we give our written consent to be bound by such action.*

(Emphasis added.)

Appellant contends that because of the rulings of the trial court, severing Southern Farm Bureau without requiring it to be bound by the judgment in the trial against the underinsured motor-ist, and by denying appellant's motion for summary judgment prior to the second trial, appellant has unfairly had to undergo two jury trials on the exact same issues. Appellant asserts that this violates the issue preclusion facet of the doctrine of *res judicata*. We agree.

Issue preclusion precludes further litigation in connection with a certain issue and is limited to those matters previously at issue that were directly and necessarily adjudicated. *Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2000); *In Re: Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995). In this case, liability was admitted in the first trial by the school district, and the issue of damages was adjudicated. Southern Farm Bureau contends that because it was severed from the first trial, it did not have a fair and full opportunity to litigate the issues in question until the second trial. We disagree.

Southern Farm Bureau points to and relies upon the case of *Ross v. State Farm Mut. Auto Ins.*, 41 Ark. App. 75, 848 S.W.2d 948 (1993), the facts of which are strikingly similar to the facts in this case. In *Ross*, the carrier was not made a party to the action. The Court of Appeals held therein that where the appellant's original action named only the insured as a party, and the insurance policy in question contained a consent clause, the trial court was correct when it required the appellant to relitigate her case against the appellee company in a subsequent trial; in other words, the appel-lant could not hold the insurer liable, without its consent, upon a judgment obtained in an action *in which the insurer was not a party.*[1]

---

[1] Southern Farm Bureau also relies upon the case of *MFA Mutual Ins. Co. v. Bradshaw*, 245 Ark. 95, 431 S.W.2d 252 (1968), which is distinguishable. In *Bradshaw*, the insured took a voluntary nonsuit against the carrier; thus, as in *Ross*, the carrier was not a party to the action and, therefore, was not bound by the default judgment against the uninsured motorist.

We fail to find the *Ross* case persuasive for Southern Farm Bureau in this case. The important difference between this case and the *Ross* case is that in this case the insurer *was* named as a party. Southern Farm Bureau claims that appellant's attempt to name Southern Farm Bureau as a party violates the terms of his policy because the insurance policy itself, to which appellant agreed, states that Southern Farm Bureau "will not be joined as a party Defendant with the underinsured motorist." We find Southern Farm Bureau's argument unpersuasive.

■ Although the trial court granted Southern Farm Bureau's alternative motion to be severed from the trial against the underinsured motorist, it refused to grant Southern Farm Bureau's motion to dismiss. Therefore, by being *severed* from the other parties involved in the suit, rather than being *dismissed* as a party, Southern Farm Bureau *remained a party to the action.* By naming Southern Farm Bureau as a party to begin with, appellant clearly overcame the *Ross* hurdle. Southern Farm Bureau had just as much opportunity to litigate the issue in question as any other party to the action; however, it asked to be severed. Requiring the appellant to try his case twice is blatantly unfair and clearly barred by *res judicata.* Any missed opportunity to litigate the issues was the fault of Southern Farm Bureau itself; a party may not seek a second trial only after disliking the outcome of the first.

■ In short, we agree with appellant that the trial court erred in severing Southern Farm Bureau without requiring that it be bound by the verdict in the original trial. We therefore reverse and remand the case for further action consistent with this opinion.

Reversed and remanded.