# ST. PAUL MERCURY INSURANCE COMPANY *v.*
# CIRCUIT COURT of CRAIGHEAD COUNTY,
## Western Division

01-1311                                        73 S.W.3d 584

Supreme Court of Arkansas
Opinion delivered April 11, 2002

*Barrett & Deacon*, by: *Paul D. Waddell, D.P. Marshall, Jr.*, and *Leigh M. Chiles*, for appellant.

*Orr, Scholtens, Willhite & Averitt, PLC*, by: *M. Scott Willhite*, for appellee.

JIM HANNAH, Justice. St. Paul Mercury Insurance Company seeks a writ of prohibition to stop the Craighead County Circuit Court from hearing a medical-malpractice action. Because a writ of prohibition is sought, jurisdiction lies in this

court pursuant to Ark. R. Sup. Ct. 1-2(a)(3). The petition asserts that the trial court is wholly without jurisdiction.

St. Paul brought a motion to dismiss that included exhibits and reference to matters outside the pleadings. This converted the motion to a motion for summary judgment as provided for under Ark. R. Civ. P. 12(b). The motion was denied by the trial court. Therefore, absent a writ from this court, the case will proceed below.

The petition for a writ of prohibition is granted. The trial court erred in concluding that the amended complaint filed in May 2001 related back to the original *pro se* complaint. Because the amended complaint does not relate back to the original *pro se* complaint, the action is barred by the statute of limitations on medical-malpractice claims.

At the time that the *pro se* complaint was filed by the deceased's parents and some of the other heirs at law, the probate court had already appointed an administrator. Under Ark. Code Ann. § 16-62-101 (Supp. 2001), only the administrator could file a survival action. She did not do so. The *pro se* plaintiffs were without standing, and their complaint was a nullity. Additionally, even if the complaint were not a nullity, the filing of the amended complaint in May 2001 substituted entirely new plaintiffs and, therefore, constituted a new suit subject to the two-year statute of limitations. The action is barred by the statute of limitations.

*Facts*

On February 26, 1999, Timothy Thomas was taken to St. Bernard's Hospital where he was treated for stab wounds and died that same day. On July 19, 1999, Timothy's daughter, Stephanie Thomas Hart, was appointed special administrator of his estate. On February 23, 2001, a *pro se* complaint alleging medical malpractice was filed by Timothy's parents and his other heirs-at-law with the exception of Ms. Hart. On February 26, 2001, the limitations period on any malpractice action expired. On March 13, 2001, St. Bernard's filed a motion to dismiss based in part on a lack of standing. On April 24, 2001, Timothy's parents were substituted for Stephanie as special administrators. On May 9, 2001,

Timothy's parents filed an "amended complaint" as plaintiff special administrators. On June 5, 2001, St. Bernard's filed a motion to dismiss based upon the statute of limitations. The motion was denied, and this petition followed.

## Writ of Prohibition

St. Paul's filed a motion to dismiss. Matters outside the pleadings were considered. Exhibits were attached to the motion. As such, it is considered a motion for summary judgment as provided for under Ark. R. Civ. P. 12(b). However, as with a motion to dismiss, the denial of a motion for summary judgment is not appealable. *Brinker v. Forrest City School District*, 344 Ark. 171, 40 S.W.3d 265 (2001). *See also, Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996).

Therefore, St. Paul seeks a writ of prohibition to stop the trial court from proceeding. In *State v. Circuit Court of Lincoln County*, 336 Ark. 122, 125, 984 S.W.2d 412, 414 (1999), this court stated:

> A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra; West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994) (quoting *National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6(1993).

*See also, Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000); *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447, 448 (2000). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Circuit Court of Lincoln County*, 336 Ark. at 125.

Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Western Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996); *Fausett and Co. v. Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985); *Titsworth v. Mayfield, Judge*, 241 Ark. 641, 409 S.W.2d 500 (1966). When jurisdiction depends on the establishment of facts or turns on facts which are in dispute, the issue is one correctly determined by the trial court. *Steve Standridge Ins., Inc. v. Langston*, 321 Ark. 331, 900 S.W.2d 955 (1995).

The issue before the trial court was the interpretation of Ark. Code Ann. § 16-62-101, and the applicability of Ark. R. Civ. P. 15 and 17. Therefore, this was a legal question. So, if there is no jurisdiction, the only way petitioners can obtain review by this court is by way of a petition for a writ of prohibition. Therefore, a petition for a writ of prohibition is a proper method to obtain review of jurisdiction by this court. *Ramirez v. White County*, 343 Ark. 372, 38 S.W.3d 298 (2001).

*The Amended Complaint*

In Arkansas, a medical–malpractice action must be brought within two years of "the date of the wrongful act complained of and no other time." Ark. Code Ann. § 16-114-203 (Supp. 2001). The medical malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *See Pastchol v. St. Paul Fire & Marine Ins.* 326 Ark. 140, 929 S.W.2d 713 (1996).

In this case, all treatment was provided on February 26, 1999. On February 23, 2001, a *pro se* complaint was filed, which was filed within the two-year limitations period. On May 9, 2001, an "amended complaint" was filed by new plaintiffs. This second complaint was not filed within the two-year limitations period. Thus, the "amended complaint" can not be valid if it does not relate back to the *pro se* complaint.

The *pro se* complaint was filed by Timothy's two sisters and his parents, who constituted part, but not all, of Timothy's heirs at law. On February 23, 2001, when the *pro se*

complaint was filed, an estate had already been opened for Timothy. As noted, Stephanie Hart had been previously appointed administrator on July 19, 1999.

The *pro se* complaint asserted damages based upon injuries suffered by Timothy prior to his death. Thus, a survival action is asserted. A survival action is a statutory action, which may be brought after the person's death by his or her executor or administrator. Ark. Code Ann. § 16-62-101. *See also, First Commercial Bank v. United States of America,* 727 F. Supp. 1300 (E.D. Ark. 1990). Because the survival action, just as a wrongful-death action, is a creation of statute, it only exists in the manner and form prescribed by the statute. *Ramirez, supra.* It is in derogation of the common law and must be strictly construed, and nothing may be taken as intended that is not clearly expressed. *Id.* The right to amend a complaint in circumstances such as we are dealing with is substantive, and not procedural, and the right to recover under the statute is dependent upon the complaining party bringing himself within the terms of the statute, as construed by this court. Ark. Code Ann. § 16-62-101; *Ramirez, supra.* Thus, the survival action could only be brought by Ms. Hart.

The conclusion we are compelled to reach is that the *pro se* complaint was a nullity. Had the motion to dismiss been heard before the amended complaint was filed, the complaint should have been dismissed based upon a lack of standing. *Ramirez, supra.* The *pro se* complaint was not permitted under the statute. Ark. Code Ann. § 16-62-101. Thus, there was no complaint to amend in May 2001.

The trial court relied on the relation back doctrine, which is a reference to Ark. R. Civ. P. 15(c). Rule 15 provides that "a party may amend his pleadings. . . ." However, Rule 15 is a procedural rule that controls how a party may amend existing pleadings. Before the rule can apply, there must be pleadings to amend.

Rule 15 applies, for example, when an amendment permissibly changes the party against whom the claim is asserted or adds a party after the statute of limitations has run, and it may relate back to the time of filing of the original complaint.

*Southwestern Bell Tel. Co. v. Blastech*, 313 Ark. 202, 852 S.W.2d 813 (1993). Rule 15 makes liberal provision for amendments to pleadings and even allows a plaintiff to amend to add new claims arising out of the conduct alleged in the initial valid complaint. *Jim Halsey Co. v. Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985). These cases, and the cited case law, all deal with a plaintiff amending an existing valid pleading to state a new cause of action against a defendant or to add a new defendant where proper. Rule 15 simply would not help the appellees in this case because there was no pleading to amend when the Thomases filed their "amended complaint" as administrators.

The *pro se* plaintiffs were without standing. This court has stated that where the plaintiff has no standing, but prevails anyway, the prejudice to the defendant is obvious. *Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984). A survival action is a statutory action, and pursuant to the statute, only an administrator or executor could bring suit. Ark. Code Ann. § 16-62-101. The *pro se* plaintiffs were, therefore, without standing.

The trial court found that the two sets of plaintiffs were substantially the same parties. They were the same persons, but they were not the same parties. They had no standing when they filed the *pro se* complaint, and they did when they filed the amended complaint as appointed administrators. Unfortunately, the statute of limitations had expired in the meantime. The Thomases as individual heirs at law are entirely distinct legal persons from the Thomases in their later capacity as appointed administrators, and thus different parties. An action for wrongful death brought by a plaintiff in his capacity as an administrator pursuant to Ark. Code Ann. § 16-62-102 involves neither the same action, nor the same plaintiff as in a survival action brought by the same person in his individual capacity pursuant to Ark. Code Ann. § 16-62-101. *Murrell v. Springdale Me. Hosp.*, 330 Ark. 121, 952 S.W.2d 153 (1997).

Arkansas Rules of Civil Procedure 15(c) cannot be used to somehow relate the administrators' suit back to the *pro se* suit. This rule permits the amendment of a pleading to "relate back" to the date of the original pleading. Its purpose is not to

permit the relation back of an entirely separate lawsuit as appellants attempt in this case. *Elzea v. Perry*, 340 Ark. 588, 12 S.W.3d 213 (2000). The amended complaint substituted out the plaintiffs, and substituted in entirely new plaintiffs. Where the amended complaint substituted out all the plaintiffs, and put in their place entirely new plaintiffs, it was not an amendment, but rather was a new suit. *Floyd Plant Food Co. v. Moore*, 197 Ark. 259, 122 S.W.2d 463 (1938).

In concluding the trial court erred, we are not unaware that the amended complaint asserted a cause of action for wrongful death and that this is a remedial statute that should be interpreted liberally with a view toward accomplishing its purposes. *Chatelain v. Kelly*, 322 Ark. 517, 910 S.W.2d 215 (1995). However, with respect to whether such a cause of action is stated, the action is one that is of statutory creation, and is in derogation or at variance with the common law, and therefore, we construe the statute strictly. Nothing is to be taken as intended that is not clearly expressed. *Lawhorn Farm Serv. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998).

The *pro se* plaintiffs could not bring the action. In Arkansas, only a real party in interest may bring a cause of action. Ark. R. Civ. P. 17. *See also, TB of Blytheville v. Little Rock Sign & Emblem*, 328 Ark. 688, 946 S.W.2d 930 (1997). The real party in interest is considered to be the person or corporation who can discharge the claim on which the allegation is based, not necessarily the person ultimately entitled to the benefit of any recovery. *Forrest Const. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001). However, Rule 17 specifically notes that an administrator, however, may bring suit for the benefit of another without joining a party for whose benefit the action is being brought. The real parties in interest were the heirs at law; however, under the statute, the administrator had to file suit and did not do so.

Because the *pro se* complaint was not permitted under the survival statute, there was no complaint to amend in May. Also, as already discussed, the amended complaint was the filing of a new lawsuit. The attempted substitution of the only parties that could maintain the action in place of parties that could not, was in .

the nature of the filing of a new action. *Floyd Plant Food Co., supra.* The new action in May 2001 was barred by the statute of limitations. Ark. Code Ann. § 16-114-203.

The writ of prohibition is granted.

IMBER, J., concurring.

GLAZE, J., not participating.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority's decision in this case; however, I write separately because the majority understates the effect of Arkansas Rules of Civil Procedure 15(c) and 17(a) with respect to permitting the substitution of a new plaintiff to relate back under circumstances not implicated in this case.

Rule 15(c) of the Arkansas Rules of Civil Procedure, with the exception of minor wording changes, is identical to Rule 15(c) of the Federal Rules of Civil Procedure. The Reporter's Notes to Rule 15(c) states the following with respect to the rule's adoption and effect:

> The question of relation back of pleadings normally does not arise unless the statute of limitations is involved. Under this and the Federal Rule, an amendment always relates back when it arises out of the conduct, transaction or occurrence set forth in the original pleading. Under prior Arkansas law, the question of whether a pleading related back was determined by whether the amendment asserted a new cause of action against the defendant. If it did, the amended pleading could not stand or relate back.

Ark. Rule Civ. P. 15, Reporter's Notes to Rule 15 (2001). Thus, the adoption of Rule 15(c) represented a substantial departure from prior Arkansas procedural law in its shift away from the "new cause of action" analysis of amended pleadings.

The majority cites a pre-rule case, *Floyd Plant Food Co. v. Moore*, 197 Ark. 259, 122 S.W.2d 463 (1938), for the proposition that where the amended complaint substituted out all the plaintiffs and put in their place entirely new plaintiffs, the amendment constituted a new suit that could not relate back to the original complaint. In *Floyd Plant Food*, the question answered by this court was whether an amendment could relate back when a new plain-

tiff was substituted in a case that was filed prior to the running of the statute of limitations. *Floyd Plant Food Co. v. Moore*, 197 Ark. 259, 122 S.W.2d 463 (1938). We held, relying on the "new cause of action" reasoning, that Federal Chemical Company could not, after the statute of limitations had run, substitute itself for Floyd Plant Food Company, which Federal Chemical had subsumed in a merger. *Id.* The suit had been filed in the name of Floyd Plant Food Company before the running of the statute of limitations. *Id.* This court reasoned that, "if the attempted substitution of the new plaintiff, the only one who could maintain the suit, has any effect it was in the nature of a *new action* begun at the time of the filing of the amendment which was after the statute bar had attached." *Id.* at 267, 122 S.W.2d 466–467 (emphasis added). We elaborated by answering the following hypothetical proposition:

> It is a matter of extreme doubt that the St. Louis S. W. R. Co. could maintain a suit in the name of the Cotton Belt Railroad Company, though the two names designate only one person. *It would not be a matter of mistake* if it filed a suit under such name or style, because it must recognize its own corporate existence and corporate name. There is a difference in being made a defendant under one or two or more names by which a person or corporation might be known and in suing and attempting to maintain litigation under such an appellation which it, itself, knew was not correct.

*Id.* at 265, 122 S.W.2d 465–466 (emphasis added).

As the Reporter's Notes to the Arkansas Rules of Civil Procedure plainly state, with the adoption of these rules we abandoned the analytical framework of "new cause of action" with respect to the relation back of certain types of amendments. The new rule permits relation back much more liberally so long as there is a transactional nexus with the original pleading. Rule 15 states in relevant part:

> (c) *Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when:

> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against the party.

Ark. Rule Civ. P. 15(c)(emphasis added). Clearly, the rule not only permits the addition of claims and defenses arising out of the same transaction, but also permits the substitution of parties so long as the amendment is related to the same transaction, service is perfected, and there is no prejudice to the other party. Although this court has not addressed this precise issue, the federal courts have construed the effect of Rule 15(c) where new plaintiffs are concerned. Our rules of civil procedure are modeled on the federal rules of civil procedure, and we have consistently held that where our rules are nearly identical or substantially the same, federal precedent and commentary should be accorded "significant precedential value." *See Smith v. Washington*, 340 Ark. 460, 10 S.W.3d 877 (2000) (reasoning that "based upon the similarities of our rules with the Federal Rules of Civil Procedure, we consider the interpretation of these rules by federal courts to be of significant precedential value.").

The commentary to the 1966 amendments to Fed. R. Civ. P. 15(c), which have been adopted by this court, states that the rule applies by analogy to plaintiffs in order to effectuate the policy of liberalized requirements of pleading.

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in

> interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

Fed. R. Civ. P. 15, Advisory Committee Notes to the 1966 Amendments (2002). Thus, the commentary indicates that Rule 15(c) may operate to permit amendments changing plaintiffs to relate back and illustrates that intent by pointing to related provisions in revised Rule 17(a). *See* Fed. R. Civ. P. 17. Rule 17 of the Arkansas Rules of Civil Procedure is a slightly modified version of Fed. R. Civ. P. 17. *See* Ark. R. Civ. P. 17, Reporter's Notes to Rule 17 (2001).

The interaction between Rule 15(c) and Rule 17(a) in the context of new plaintiffs has been addressed by the federal appellate courts. In that regard, these rules have been construed as being designed for a twofold purpose: 1) to further a lenient and permissive purpose with respect to a real party in interest; and 2) to protect the defendant against a subsequent action by another party, and to insure generally that the judgment will have its proper effect as res judicata. *See Scheufler v. General Host Corp.*, 126 F.3d 1261 (10th Cir. 1997); *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir. 1967); *see also* Fed. R. Civ. P. 17, Advisory Committee Notes to the 1966 Amendments (2002).

In the *Crowder* case, the Eighth Circuit Court of Appeals allowed an administratrix to amend her timely-filed wrongful-death complaint after the statute of limitations had run and to substitute herself as the mother and next friend of the decedent's two minor children. *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir. 1967). The appellate court stated that Rules 15(c) and 17(a) were designed for relation back "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* at 418 (citing 28 U.S.C.A. Rule 17, Cum. P.P. Notes p. 5). The *Crowder* court determined that the plaintiff's mistake in bringing the action initially in the name of the administratrix was "understandable and excusable." *Id.* at 419. That case included a conflicts-of-law question with respect to whether Arkansas or Missouri law governed, and each state's wrongful-death statute placed the cause of action in a different party.

Likewise, in the *Schuefler* decision, the Tenth Circuit Court of Appeals permitted an amended pleading to relate back when a group of landlord plaintiffs substituted tenant plaintiffs as the real party in interest in a water-rights action. *Schuefler v. General Host Corp.*, 126 F.3d 1261 (10th Cir. 1997). The appellate court noted that the failure to name the real party in interest was not "some tactic designed to prejudice defendants, but instead was the result of a mistake as to the legal effectiveness of the documents allegedly assigning the tenants' claims to their respective landlords." *Id.* at 1270. *See also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997)(holding that district court erred in failing to permit the substitution of plaintiffs to relate back where AMI had been mistaken about the legal effect of a shareholder assignment, observing that the "history of the Rules makes clear not only that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs, but that in this regard Rule 17(a) is implicated as well." *Id.* at 19.)

Furthermore, the federal appellate courts have looked to Rule 17(a)'s express provision for the substitution of the real party in interest and analogized that Rule 15(c) permits this kind of amendment to relate back. *Advanced Magnetics, supra; Schuefler, supra; Crowder, supra.* Rule 17 of the Arkansas Rule of Civil Procedure provides in relevant part that:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian (conservator), bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or the State or any officer thereof or any person authorized by statute to do so may sue in his own name without joining with him the party for whose benefit the action is being brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder *or substitution* of, the real party in interest; and such ratification, joinder *or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*

Ark. R. Civ. P. 17(a)(2001) (emphasis added). As already noted, Arkansas's Rule 17 is virtually identical to the federal rule. Thus,

Rule 17(a) may operate to permit a plaintiff to be substituted for another plaintiff and the substitution would have the "same effect as if the action had been commenced by the real party in interest." *Id.* The Advisory Committee Notes to Rule 17 of the Federal Rules of Civil Procedure delineate the governing principles: "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed. . . "; and the rule is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17(a), Advisory Committee Notes to the 1966 Amendments (2002).

This case does not involve the substitution of the real party in interest following an "understandable mistake" made in the initial pleading. Both the survival statute, Ark. Code Ann. § 16-62-101 (Supp. 2001), and the wrongful-death statute, Ark. Code Ann. § 16-62-102 (Supp. 2001), are very clear with respect to which party has the right to bring the cause of action.[1] A survival action under Section 16-62-101 may only be brought by an administrator or executor of the decedent's estate. A wrongful-death action under Section 16-62-102 must be brought by and in the name of the personal representative of the decedent unless there is no personal representative, in which event the action must be brought by all of the heirs at law. *Ramirez v. White County,* 343 Ark. 372, 38 S.W.3d 298 (2001). Here, Timothy's daughter, Stephanie

---

[1] The majority concludes that the *pro se* complaint filed by some of the heirs merely stated a survival action claim and did not also sufficiently plead a wrongful death action. I disagree. The Arkansas Rules of Civil Procedure state that "[a]ll pleadings are to be liberally construed so as to do substantial justice." Ark. Rule of Civ. P. 8(f) "Construction of Pleadings" (2001). Similarly, the rules state that "[e]ach averment of a pleading shall be direct and stated in ordinary and concise language. No technical forms of pleadings or motions are required." Ark. R. Civ. P. 8(e)(1)(2001).

The *pro se* complaint in this case states in Paragraph No. 2 that "the cause of action involves medical negligence and wrongful death." The complaint then seeks, as a result of the alleged negligence of the defendant, compensation for pain, suffering, and anguish sustained by Timothy Thomas prior to his death; funeral expenses; and *"all other damages entitled under Arkansas law."* The final portion of the prayer for relief, when viewed in conjunction with Paragraph No. 2 of the complaint, should be liberally construed to state a claim under Ark. Code Ann. 16-62-102 for wrongful death.

Thomas Hart, was appointed special administrator of her father's estate on July 19, 1999. When the *pro se* complaint was filed on February 23, 2001, by less than all of the heirs at law, there had been no change in Stephanie Hart's status. She was still the appointed special administrator for her father's estate. The mistake in bringing the action initially in the name of less than all of the heirs was neither "understandable" nor "excusable." For this reason, I concur with the result reached in this case.